STATE OF IOWA, Appellant, v. ONE CERTAIN AUTOMOBILE et al., Appellees.

**INTOXICATING LIQUORS:** Seizure of Conveyance—When Bond Not
1  **Required.** In a proceeding against an automobile alleged to have been employed in the unlawful transportation of intoxicating liquors, no bond is required by one who intervenes and asks for the possession through an order of court after due hearing.

**INTOXICATING LIQUORS:** Seizure of Conveyance—Return to Owner
2  **—Costs.** The court may very properly order an automobile alleged to have been employed in the unlawful transportation of intoxicating liquors to be returned, without the payment of costs, to an intervening owner who had sold the same under a conditional sale contract, and who had no knowledge, directly or indirectly, of

such unlawful use by such vendee. The law does not contemplate an order of forfeiture in *every* proceeding against such a conveyance.

Headnote 1:    33 C. J. p. 685 (Anno.).    Headnote 2:    33 C. J. p. 689.

Headnote 2:    2 A. L. R. 1596; 47 A. L. R. 1055.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

DECEMBER 13, 1927.

The State appeals from the judgment of the district court of Linn County releasing an automobile to the owner in a proceeding for the forfeiture thereof under Chapter 97, Code of 1924, relating to the use of vehicles in the unlawful transportation of intoxicating liquors.—*Affirmed.*

*W. J. Barngrover,* County Attorney, for appellant.

*Maurice Cahill,* for Rapids Chevrolet Company, appellee.

STEVENS, J.—The information in this case was based upon, and is in conformity to, the provisions of Section 2009 of the Code of 1924. The procedure provided by Section 2010 and succeeding sections of Chapter 97 of the Code was followed strictly. A petition in intervention was filed by the Rapids Chevrolet Company, in which it was alleged that the automobile in controversy was delivered to Ben Polzine, the person charged with using the same for the unlawful transportation of intoxicating liquors, under a contract of sale which provided that title and ownership thereof should remain in intervener until the automobile was fully paid for; that there was a substantial balance due on the contract. It asked that the information be dismissed, and judgment entered awarding the automobile to it. The petition further alleged that, if the automobile was employed in the unlawful transportation of intoxicating liquors, it was without the knowledge or consent, directly or indirectly, of intervener. The court found in favor of the intervener, and ordered the sheriff to deliver the automobile to it. From this finding and judgment the State appeals.

The propositions to be decided upon this appeal present some difficulty. Chapter 97 of the Code of 1924 has not pre-

1. INTOXICATING LIQUORS: seizure of conveyance: when bond not required.

viously been before us for interpretation. It is provided by Section 2004 of the Code that a conveyance seized by the sheriff in a proceeding under this chapter must be released and turned over to the owner, upon the execution by him of a good and valid bond, with sufficient sureties, in a sum double the value of the property, which bond shall be approved by the sheriff, and conditioned to pay the value of the conveyance to said sheriff in case a judgment of forfeiture is entered against it.

Section 2006, among other things, provides:

"* * * The district court or a judge thereof shall, on such notice as the court or judge may prescribe, proceed to adjudicate the legality and priority of all claims to and liens on said conveyance, and shall proceed against said liquors and vessels as in case of transcripts filed in search warrant proceedings."

The further material provisions of Chapter 97 are as follows:

"Sec. 2007. In lieu of declaring a forfeiture, under the last preceding section, of said liquors and vessels, the said court may, in any case, proceed against the said liquors and vessels, in the manner in which it would proceed had said liquors been seized on a duly issued search warrant."

"Sec. 2008. In lieu of declaring a forfeiture, under the second preceding section, of said conveyance, the said court may, in any case, proceed as provided in the following section."

"Sec. 2010. * * * 3. The written claim of the owner or other claimant shall allege, under oath, that said conveyance was not being employed, when seized, in the unlawful transportation of intoxicating liquors, or that if it was being so employed such use was without the knowledge or consent, directly or indirectly, of said claimant."

"Sec. 2011. The secretary of state, upon receipt of the notice aforesaid, shall, if the owner appears of record in his office, notify such owner of the fact of seizure, and if not of record, said secretary shall mail such description to the county treasurer of each county, and to the state bureau of investigation."

"Sec. 2012. No conveyance shall be returned to any claimant, either as owner or lien holder, nor shall any claim be established when such claimant:

"1. Fails to establish a legal and bona fide claim; or

"2. Knew or had reason to suspect that said conveyance was being employed in the illegal transportation of intoxicating liquors; or

"3. Fails to overcome the presumption, if established, that such conveyance was being so used, with his knowledge and consent; or

"4. Fails, in case of a motor vehicle, to establish the registration of the conveyance in the name of the claimant prior to the seizure; or

"5. Fails to establish that his lien was duly recorded prior to the seizure."

"Sec. 2013. The judgment shall establish the amount and priority of all allowable claims."

"Sec. 2014. The sheriff shall apply the proceeds of a sale, or of the forfeited bond, in the following order:

"1. Expense of keeping the conveyance.

"2. Court costs.

"3. Liens in the order established by the court."

"Sec. 2015. Any balance of said proceeds shall be paid by the sheriff to the county treasurer who shall credit the same to the county school fund."

No bond was filed by the intervener, but, immediately before or during the trial, with the approval of the court, a cash sum was put up in lieu thereof. It will be observed that the provisions of Section 2004 relating to the execution of a bond by the owner apply only when such owner desires to obtain possession of the vehicle from the sheriff, and is for the purpose of protecting the state or those having claims against or liens on the vehicle from loss.

The procedure in this case was under Section 2009, and it is manifest that no bond was required. Possession of the automobile was retained by the sheriff.

The remaining and more difficult question is: Should the court have ordered the car returned to the intervener free from a judgment for costs? A judgment of forfeiture was unnecessary. There were no liens to be paid, and the evidence satisfactorily disclosed a want of knowledge on the part of intervener that the car was being used by Polzine for the unlawful

2. Intoxicating Liquors: seizure of conveyance: return to owner: costs.

transportation of intoxicating liquors.   We think it clear that a forfeiture is not necessary in all cases.   Appellee was not a mere lien holder, but title to the automobile was reserved in the instrument of sale, which was duly recorded.   The statute obviously contemplates the return of the vehicle used by a third person for the unlawful transportation of intoxicating liquors to the owner without forfeiture.   It appears from the testimony that the automobile was not worth to exceed the balance due under the contract; so, if it had been dealt with as a lien, and a forfeiture declared, there would have been nothing to be turned over to the county treasurer for the benefit of the school fund.   The seizure of the automobile was regular and proper. The statute makes no provision, however, for the payment of costs, except out of the proceeds of the sale under a judgment of forfeiture.

The case is triable at law, and, in the absence of some provision in the statute for the assessment of costs, they cannot be taxed to the owner, under the circumstances shown in this case.   Suppose the automobile had been stolen, and used by the thief in the transportation of intoxicating liquors,—no one would contend that, in case of information against it, a judgment of forfeiture would have to be entered, or that costs should be taxed against the owner who has overcome the presumption provided by statute.

Our attention is called to the decision of the Supreme Court of South Dakota in *State v. One Studebaker Automobile* (S. D.), 210 N. W. 194.   In so far as this case is in point, it sustains our conclusion.   The statute of South Dakota is quite unlike the statute of this state.

There is no evidence of fraud or collusion between the intervener and Polzine in this case.   The judgment is affirmed. —*Affirmed.*

EVANS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.