STATE OF IOWA, Appellant, v. HENRY KELSEY et al., Appellees.

JUNE 26, 1928.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, *Harry E. De Reus,* County Attorney, and *J. B. Hockersmith,* for appellant.

*Irving Johnson,* for intervener, appellee.

FAVILLE, J.—An information was filed for the condemnation of a certain automobile, as provided by Chapter 97 of the Code of 1924. A petition of intervention was filed by the General Motors Acceptance Corporation, in which said intervener claimed a lien on the automobile, under a conditional bill of sale. Issue was joined, and trial had. No question is raised but that the automobile in question was used in this state in the illegal transportation of intoxicating liquors. The only question involved is as to the rights of the intervener as a claimant to said automobile. These rights grew out of the following facts: The automobile was sold by the Community Motors Company of Chicago to Kelsey, in Chicago, on May 6, 1926. The automobile was delivered, and a conditional sales contract executed, which in due time was assigned to the intervener. The conditional sales contract provided for payment in installments, and that the title to the property should not pass to the purchaser until the amount called for was fully paid in cash. It appears from the record that the recording of such conditional bill of sale is not required, under the laws of the state of Illinois, to protect the rights of the vendor as against bona-fide purchasers of said property. The sole question involved in this appeal is whether or not, under the laws of this state, the automobile was subject to forfeiture while being unlawfully used in this state for purposes prohibited by the statutes of this state. Code Section 2001 is as follows:

"A peace officer who discovers that intoxicating liquor has been or is being transported in violation of law, shall summarily arrest the offender and likewise seize said liquor and the conveyance used to effect said transportation."

Section 2009 provides for information against the conveyance for its forfeiture, and Section 2010 provides for the procedure thereafter. Paragraph 3 of Section 2010 provides for the right of a claimant to assert his claim against said property. Section 2012 provides, in part, as follows:

"No conveyance shall be returned to any claimant, either as owner or lien holder, nor shall any claim be established when such claimant: * * * (5) Fails to establish that his lien was duly recorded prior to the seizure."

The intervener asserts its claim as a lien holder under

and by virtue of said conditional sales contract. The question before us does not involve the legality or validity of the contract between the intervener and Kelsey.

It cannot be said that a conditional sales contract for the sale of an automobile is contrary to the public policy of this state, and that, therefore, we will not recognize and enforce such a contract in this state. The rule announced in *Hamilton v. Chicago, B. & Q. R. Co.*, 145 Iowa 431, is not applicable here.

Nor are we concerned with the question of the validity of such a written instrument as against creditors or subsequent purchasers of the property in this state. We have recognized a rule of comity in regard to chattel mortgages executed in a foreign state and not recorded in this state, and recently reviewed the authorities in *First Nat. Bank v. Ripley*, 204 Iowa 590. But such a rule of comity as between a mortgagee in a foreign state and a second mortgagee or purchaser or attaching creditor in this state does not meet the question involved in the instant case. In this instance, we are dealing with an instrumentality used for the commission of a crime within this state. The settled public policy of this state, as declared by legislative enactment, is that, where such instrumentality is used for an unlawful purpose, and in the perpetration of crime, it may be seized and forfeited. This is because this instrumentality— in this case an automobile—has been used in the consummation of a crime, and in derogation of, not only the statute, but the public policy of the state. In referring to the Federal revenue laws, the circuit court of appeals of the fourth circuit, in *United States v. One Saxon Automobile*, 257 Fed. 251, well said:

"No doubt has ever existed of the power of Congress to impose the penalty of forfeiture on property used to defeat the revenue laws, without respect to the guilt of the owner or his knowledge of the unlawful use. Such a statute for the raising of revenue, even when containing provisions of a highly penal nature, is still to be construed as a whole, and in a fair and reasonable manner, and not strictly in favor of a claimant. *United States v. Sugar*, 7 Pet. 453, 8 L. Ed. 745; *United States v. Stowell*, 133 U. S. 1, 10 Sup. Ct. 244, 33 L. Ed. 555; *United States v. Graf Distilling Co.*, 208 U. S. 198, 28 Sup. Ct. 264, 52 L. Ed. 452."

So in the instant case, the legislature of Iowa had the undoubted power to impose a penalty of forfeiture on property used for the very purpose of violating the criminal laws of this state, without regard to the guilt of the owner of the property or his knowledge of the unlawful use. The legislature, however, has placed certain limitations upon this right of forfeiture, and has given certain rights to a claimant of the property which has been unlawfully used. The owner of the property may, under certain circumstances provided by statute, claim the same against the state's right of forfeiture, and a lien holder or claimant may also claim the same, under certain conditions. But the legislature had the right and power to provide under what terms and conditions such a claimant could assert his right to the property, as against the right of the state to declare its forfeiture when it had been used for an unlawful purpose. The legislature in enacting this statute expressly provided that no such conveyance shall be returned to any claimant as a lien holder where the lien holder "fails to establish that his lien was duly recorded prior to the seizure." This is one condition which the legislature has seen fit to place upon the right of a claimant lien holder to have the property so seized returned to him. This is in the nature of a permissive right. The state, under the general power vested in the legislature, had the right to provide by statute for the seizure and condemnation of property used for an unlawful purpose. The legislature has seen fit to grant to certain parties, either as owners or claimants, the right to avoid such forfeiture, under certain circumstances. As applied to the instant case, one of the prerequisites to a return of such property so seized is a showing that the lien under which the claimant asserts his right was "duly recorded prior to the seizure." This is not a question of giving notice, under the recording acts of this state, to subsequent purchasers or to creditors. No rights of purchasers or creditors are involved. The state has provided one way in which a claimant to property which has been seized because it was used in violation of the laws of the state may be returned to the claimant, and the forfeiture of such property avoided. In order to bring himself within the terms of the statute, such claimant must show compliance therewith on his part. The general recording acts of this state have nothing

whatever to do with this question. The statute provides that the lien must be "duly recorded prior to the seizure." Whether or not the recording of such a written instrument in a foreign state would be construed as a sufficient compliance with this statute is a question not before us, and we give it no consideration. In the instant case, it appears that the lien was never recorded anywhere. The claimant, therefore, had not complied with this statute in any manner. Whether or not the statutes of the state of Illinois require the recording of such an instrument to make it valid as against subsequent purchasers in said state is a matter wholly foreign to the question for our determination. When this claimant came into the proceedings in this case, and asserted its right to the property which had been seized because of its unlawful use, contrary to the statutes of this state, in order to be entitled to a return of said property it must show that it comes within the class which the legislature has said may be entitled to such return. In order to be entitled to avoid a forfeiture, the legislature has said that such a lien holder claimant must "establish that his lien was duly recorded prior to the seizure." The evidence clearly establishes that there was no such lien "duly recorded" anywhere, prior to the seizure. The claimant-intervener, therefore, was not in a position to assert his right to the property, as against the right of the state to confiscate and condemn it because of its unlawful use. He did not bring himself within the statute which would entitle him to assert a claim to the property superior to the right of the state to condemn it.

In *State v. One Studebaker Automobile,* 50 S. D. 408 (210 N. W. 194), it is said:

"There is no other instrumentality that more readily lends itself to this class of law violation than an automobile, and, when a person takes a chattel mortgage on an automobile that is in the possession of, and under the control of, another person, he takes the risk of having such persons put the car to such unlawful use."

So in the case at bar, the claimant, knowing that the automobile was in the possession of Kelsey, took the risk of having him put such car to an unlawful purpose, and in order to avoid the possibility of forfeiture because of such unlawful purpose within this state, it was required to comply with the statutes

of this state, and be in a position to assert its rights, as against the right of the state to forfeiture.

The trial court erred in ordering the release of the property to the claimant upon the showing made, and the judgment appealed from must be, and it is,—*Reversed.*

STEVENS, C. J., and EVANS, ALBERT, MORLING, KINDIG, and WAGNER, JJ., concur.