STATE OF IOWA, Appellant, v. EVERETT JENNINGS et al., Appellees.

JUNE 26, 1928.

REHEARING DENIED SEPTEMBER 28, 1928.

John Fletcher, Attorney-general, Neill Garrett, Assistant Attorney-general, Harry E. De Reus, County Attorney, and J. B. Hockersmith, for appellant.

Victor Shultz, for intervener, appellee.

KINDIG, J.—In this case there is involved a construction of Chapter 97 of the 1927 Code. Section 2001 thereof authorizes that:

"A peace officer who discovers that intoxicating liquor has been or is being transported in violation of law, shall summarily arrest the offender and likewise seize said liquor and the conveyance used to effect said transportation."

A further provision relating thereto is Section 2012, which reads:

"No conveyance shall be returned to any claimant, either as owner or lien holder, nor shall any claim be established when such claimant: * * * 5. Fails to establish that his lien was duly recorded prior to the seizure."

Appellee, the intervener, concedes that the automobile, a Chrysler coach, was being used by Jennings and Devendorf, appellees, at the time the State seized it, for the illegal transportation of intoxicating liquors. Argument for the affirmance of the judgment rendered by the trial court is predicated by intervener on the theory that the Chrysler coach was sold by it to Everett Jennings on credit in Chicago, Illinois, on or about June 5, 1926, and to secure the unpaid consideration, evidenced by a promissory note, a written conditional sale agreement was executed by the purchaser. Through this contract, it is asserted, the title at all times in question remained in the intervener, Marquardt Motor Company. More than this, the Motor Company bases its claim upon the further fact that the personal property in question was obtained from it through the fraud of Everett Jennings, appellee, in that he forged to said note and conditional sale contract the name of one Sophia Hahn. That being true, the intervener contends that the district court rightfully commanded the State to return the coach to it, for the reason that all provisions of the intoxicating liquor laws forming a condition precedent to such redelivery were fully and completely met.

What intervener actually did, in compliance with the prerequisites named in the sections of the legislative enactments quoted, was absolutely nothing, in addition to merely obtaining from the state of Illinois the ordinary operating license cer-

tificate; but rather, in lieu of recording its instrument and title, reliance was made upon the laws of Illinois, which make actual recording unnecessary in the case of conditional sales.

Comity between the states is urged as a reason why "recording in Iowa" should not be required when it is not in Illinois. To put the idea in another way, intervener insists that the intoxicating liquor statutes to which reference was made are not recording statutes, and therefore the general legislation in Iowa regarding that subject must control. From this, intervener deducts the theory that, if its lien was good (as it is) in Illinois, it must likewise be effective in Iowa, because at this place in the discussion it indulges in the analogy between this situation and that of the comity extended to conflicting creditors in their respective states under the general recording acts thereof.

With this, however, we are constrained to disagree. Entirely decisive of this case is our holding in *State v. Kelsey,* 206 Iowa 356. Therein we said:

"But such a rule of comity [as that advocated in the case at bar] as between a mortgagee in a foreign state and a second mortgagee or purchaser or attaching creditor in this state does not meet the question involved in the instant case. In this instance, we are dealing with an instrumentality used for the commission of a crime within this state. The settled public policy of this state, as declared by legislative enactment, is that, where such instrumentality is used for an unlawful purpose and in the perpetration of crime, it may be seized and forfeited. This is because this instrumentality—in this case an automobile—has been used in the consummation of a crime, and in derogation of, not only the statute, but the public policy of the state. * * * In order to bring himself within the terms of the statute [Section 2012, Code of 1927], such claimant must show compliance therewith on his part. The general recording acts of this state have nothing whatever to do with this question. The statute provides that the lien must be 'duly recorded prior to the seizure.' "

Further consideration of this subject on our part is quite unnecessary, because the *Kelsey* case, supra, answers every argument raised here by intervener, including the unconstitutionality of the Iowa Intoxicating Liquor Act.

The judgment of the district court should be, and hereby is, reversed.—*Reversed.*

STEVENS, C. J., and EVANS, FAVILLE, ALBERT, MORLING, and WAGNER, JJ., concur.