STATE OF IOWA, Appellee, v. ONE CERTAIN AUTOMOBILE et al., Appellants.

No. 41132.

JUNE 24, 1932.

Swanson & Perkins, Reed, Ramacciotti & Robinson, and Roman L. Hruska, for appellants.

Whitney W. Gillilland, for appellee.

EVANS, J.—The case was tried below on the equity side of the court. For that reason the court declined to rule in the course of the trial upon any question of alleged error. The only ruling made was the entry of the final decree after the submission of the case. Whether the case was properly tried on the equity side in the court below is a question which was not raised by either party, and was therefore waived, under Section 10949. It necessarily follows that the case is still on the equity side on this appeal and that it is therefore triable de novo and not on mere error of rulings.

The intervener was a mortgagee of the automobile in question. The mortgagor and owner of the automobile was Earley or Erlewine. Both names appear in the record and we shall adopt the first one. This mortgagor was an unmarried and self-supporting young woman at and before the time of her purchase of the automobile. She was a resident of Omaha and purchased the automobile from the Central Motors Company of Omaha on November 11, 1930. On December 20, 1930, this automobile was seized, while in the possession of someone other than Earley and while it contained twelve gallons of intoxicating liquor, which was being unlawfully transported therein.

The intervener was a corporation organized for the purpose of financing the sales of motor cars. For the purpose of such enterprise it was closely affiliated with the Central Motors Company. This latter company was engaged in the business of selling motor cars. The method of business as between the two companies was substantially the following: When the Central Motors Company had a prospective purchaser it immediately advised the intervener for the purpose of enabling the intervener to investigate the proposed purchaser. No sale was made to the prospective purchaser until the intervener had completed its examination of the prospect and its approval thereof. Earley

became a prospective purchaser of a car at the price of $400. She was ready to pay, and did pay later, the sum of $125 as a part of the purchase price. Before her acceptance as a purchaser, the intervener first required her to sign a questionnaire as follows:

"Home address, 610 No. 21st St.

"Living with parents? No.

"Landlord's name and address: Harry Wineberg, 2102 California St.

"Real estate holdings: None.

"Monthly income: $100.00.

"Name of present employer: Mr. Jake Spieceberger.

"Position: Milliner.

"Business address: 1014 Farnam St.

"How long: 5 years.

"Previous car purchased: Not any.

"First trade reference: Vogue—Ready to Wear.

"Second trade reference: Dr. Shultz, World-Herrald Bldg.

"Third trade reference: Dr. Flothow, Acquilla Court.

"Nearest relative with whom not living: Mrs. Lillie Erlewine, 1710 Charles St., Omaha, Neb.

"Life Insurance: $1,000.00. Company: Prudential.

"Car will be kept in private—public garage: At private."

It will be noted that the purchaser was required to name successively three of her latest employers. Inquiry was thereafter made by the intervener from each of such employers as to the character and standing of Earley. The report from each was uniformly favorable and in effect certified to the good reputation of the proposed purchaser. The question presented is whether the investigation thus made by the intervener was a sufficient showing of good faith on its part in its acceptance of the proposed purchase-money mortgage to overcome the statutory presumption that the unlawful use of the car by the purchaser thereafter was done with the knowledge and consent of the mortgagee. The State relied wholly upon the statutory presumption and offered no evidence contradictory to that of the intervener. The president of the intervener-company is Bell. The duty and management of the investigation rested solely with him. He made the investigation. His investigation disclosed nothing unfavorable to the purchaser. Nor did it disclose anything that

challenged the good faith of the intervener in his approval of the proposed transaction. It is urged by the appellee that there were clerks in the office of the intervener who were not examined as witnesses, and that there was no showing that these clerks did not have information which might impeach the character and purpose of Earley in the purchase. In support of this argument reliance is had upon State v. A Chrysler Sedan, 210 Iowa 714. The cited case is not fairly in point. In that case only the president testified. The vice president had equal authority with himself in the investigation. The two salesmen, Jordan and Montgomery, were charged with the same duty of investigation. Neither the vice president nor either of the salesmen was examined as a witness. Some stress was laid in the opinion upon the absence of the testimony of these witnesses. The intervener herein was a small concern and was apparently not doing a large business. The president testified that there were clerks in the office and testified to his opinion that if they had known of any unfavorable facts they would have communicated the same to him. Inasmuch, however, as he had the sole authority and duty to conduct the investigation we do not think he was under legal necessity of calling other witnesses who were not charged with any duty or authority in the premises. In our examination of the record we are at a loss to discover what more the intervener could have done to establish its good faith in the financing of the transaction than it did do as indicated by its evidence. The written opinion filed by the trial court points out the particular evidence which impressed the court unfavorably and which was doubtless responsible for the final conclusion. It appears from the record that the intervener required the purchaser to take out an insurance policy for $1,000 in the Prudential Insurance Company. The application for this insurance contained a questionnaire. Question No. 3 was as follows: "For what purpose is automobile to be used? A. Business and pleasure."

The foregoing answer impressed the district court as an intimation of the unlawful use to which the car was being put at the time of its seizure. The court said: "This may have been the business for which it was purchased and reasonable inquiry by the claimant might have disclosed such proposed use."

We think it must be recognized judicially that most cars purchased and owned by private parties are so purchased and

used for "business and pleasure." Even though in a given case "pleasure" were the primary purpose, yet the fact remains that a "pleasure" car is capable of much usefulness to its owner and that it can be utilized frequently, if not daily, to practical purposes quite consistent with its use for "pleasure" purposes. We are unable to see that the form of the answer thus given by the purchaser will bear the weight which is attributed to it as an unfavorable circumstance. There was no statutory presumption that the proposed purchaser had a purpose at that time to use the car for unlawful purposes. Nor was there any proof offered by the State tending in any degree to show an existing purpose at that time. The statutory presumption does not arise until the car is seized while being used in the unlawful transportation. This car was on December 20th so seized while used in unlawful transportation. The presumption immediately arose that this unlawful use was with the knowledge and consent of the owner and of the lien holder. There is no statutory presumption of a prior purpose on the part of the purchaser, and therefore no presumption of knowledge of such on the part of the lien holder. State v. One Certain Automobile, 205 Iowa 597. It is urged by the State that the finding of the district court in this class of cases is largely discretionary and that we will not interfere on appeal if there is any evidence tending to support such finding. This contention is predicated upon the case last cited,—State v. One Certain Automobile, 205 Iowa 597. The cited case was tried in the district court on the law side of the docket and as a special proceeding. In such a proceeding the finding of the trial judge would have the force and effect of the verdict of a jury in an ordinary action. The case at bar was not so tried below. The State brought the action on the equity side of the docket and so prosecuted it, with the acquiescence of the defendant in the procedure. The mutual conduct of the parties in so trying the case on the equity side operated as a waiver of all objection to the procedure. Code Section 10949. In view of the method of trial thus adopted below, no rulings were made upon the trial except the entry of final judgment of forfeiture. If, therefore, the case is triable at all upon appeal it must be triable *de novo*. To hold otherwise would entirely deprive the defendant of all right of review.

We reach the conclusion that the evidence for the intervener

was adequate to overcome the statutory presumption and to establish its good faith and its want of knowledge of the unlawful use of the car.

The judgment below must accordingly be reversed, and it is so ordered.—Reversed.

WAGNER, C. J., and MORLING, KINDIG, ALBERT, STEVENS, FAVILLE, and DE GRAFF, JJ., concur.