STATE OF IOWA, Appellee, v. ONE CHRYSLER CONVERTIBLE COUPE et al., Defendants; MIDWEST COMMERCIAL CREDIT COMPANY et al., Interveners and Appellants.

No. 41282.

NOVEMBER 15, 1932.

SUPPLEMENTAL OPINION APRIL 4, 1933.

Owen Cunningham, for appellants.

John Fletcher, Atty. Gen., Neill Garrett, Asst. Atty. Gen., and E. K. Bekman, Co. Atty., for appellee.

██ DE GRAFF, J.—The primary contention of the interveners-appellants is that the evidence offered by them overcomes the statutory presumption found in section 2010, paragraphs 4, 5, and 6, Code 1931, which read: .

"4. If it be made to appear that any intoxicating liquors were found in or on said conveyance when it was seized, it shall be presumed that the conveyance was, when seized, employed with the knowledge and consent of all claimants, in the unlawful transportation of such liquors.

"5. The trial shall be by the court.

"6. A judgment of forfeiture shall direct that said conveyance be sold by the sheriff as chattels under execution, and a certified copy of such order shall constitute an execution."

Chapter 97 should be read as a whole to understand the intent and content of the law governing this case.

It is conclusively shown that the car, when seized, contained intoxicating liquor, and, subsequently to the seizure, the interveners filed their petitions of intervention claiming a lien on the car and the lack of knowledge of the illegal use of the car. This court said in State v. One Certain Ford Coupé, 205 Iowa 597, loc. cit. 599, 218 N. W. 346, 348:

"The existence of intoxicating liquor in or on the conveyance at the very time of the seizure raises the presumption, under the statute, that the conveyance was, when seized, employed with the knowledge and consent of all claimants, in the unlawful transportation of said liquor. * * * An action of this kind is of a quasi criminal character. It is penal in nature, providing for confiscation of property used for criminal purposes. [Citing cases.] * * * The action is not triable in this court de novo. It is a special proceeding. Code, section 10939."

No constitutional question is involved in the instant case. It must be admitted that the statute is drastic in its nature. The section herein quoted makes the cause triable to the court. Section 2012, Code 1931, reads:

"On the hearing the court shall determine whether any claim or lien shall be allowed. If allowed, he shall enter an order fixing therein the amount and priority of all such claims or liens allowed,

and shall enter such further order for the protection of the claim-
ants or lienholders as the evidence may warrant."

In the instant case the trial court allowed no claims or liens
in the original condemnation proceeding, although it was the claim
of and they offered evidence in support thereof, that the interveners
had no knowledge or notice that intoxicating liquor had been used
or transported in said car. The evidence discloses that liquor had
been transported in said car, and at the time of the seizure liquor
was found in said car. As said before, we are not trying the case
*de novo*. The trial court, therefore, passed upon the credibility of
the witnesses and determined the ultimate fact. Had the statute read
that the cause was triable in equity and not at law, a *de novo* pro-
ceeding would be before us. As the statute is written, it is written.
The remedy for any complaint, which may be made as against the
statute, lies in legislative enactment and not in judicial construction.
We simply make answer, in accord with our previous pronounce-
ments, that this court cannot try the case *de novo*. In view of the
statutory presumption it cannot be said that there is no evidence in
support of the finding by the trial court. This presumption serves
the same purpose as *res ipsa* in cases in which that doctrine is ap-
plicable. In other words, the weight of the inference or presumption,
as well as the weight of any explanation or evidence contrary to
the inference or presumption, is for the determination of the trier
of fact. This has been the uniform holding of this court. The case
of State v. One Certain Automobile, 214 Iowa 1088, 243 N. W. 303,
305, was tried in equity, and was, therefore, triable *de novo* on
appeal. The opinion reads:

"It is urged by the state that the finding of the district court
in this class of cases is largely discretionary, and that we will not
interfere on appeal, if there is any evidence tending to support such
finding. This contention is predicated upon the case last cited—
State v. One Certain Ford Coupé, 205 Iowa 597, 218 N. W. 346.
The cited case was tried in the district court on the law side of the
docket and as a special proceeding. In such a proceeding the find-
ing of the trial judge would have the force and effect of the verdict
of a jury in an ordinary action. The case at bar was not so tried
below. The state brought the action on the equity side of the docket,
and so prosecuted it, with the acquiescence of the defendant in the
procedure."

In State v. One Certain Buick Sedan et al., 209 Iowa 791, 229 N. W. 173, there was a proceeding to condemn and forfeit a certain Buick sedan because it was used in the transportation of intoxicating liquor. The claimant, General Motors Acceptance Corporation, intervened and claimed the automobile under conditional bill of sale. Upon the hearing of the evidence, the district court found therefrom in favor of claimant, and gave it possession of the automobile. This court affirmed said cause, and, for the basic reason that since the trial court had found in favor of the claimant, we refused to try the cause *de novo*.

In .the case at bar the trial court found for the plaintiff and against the claimant. It is undisputed that intoxicating liquor was found in the car seized and at the time of its seizure. This brings into play the statutory presumption as quoted. The credibility of the witnesses was involved and it was for the trial court to pass upon their credibility and determine the facts. It cannot be said that the finding of the trial court is without support in the evidence.

In the instant case the car was sold to one Baber on a conditional sale contract by the intervener Manbeck Sales Company. This conditional sale contract was signed, acknowledged, and recorded in Polk county, Iowa. This contract was assigned to the intervener Midwest Commercial Credit Company and the title retaining note was held by the Manbeck Sales Company. At the time the car was seized, the Manbeck Motor Sales Company had a balance due on the note of $643 and the balance due on the conditional sale contract was $120. The car, when seized, was in the possession of the purchaser Baber, who was not arrested but the occupants of the car were. Upon the trial Baber offered no testimony. The person in charge of said car at the time of its seizure was Dave Masters, and it may be said, and the evidence shows, that Masters was a violator of the intoxicating liquor law of this state and that his reputation in matters governing liquor sales was not good. This may also be said of the purchaser Baber. There is evidence to the effect that the Manbeck Sales Company did investigate, before the sale of the car, the reputation and credit of the purchaser Baber and were satisfied that Baber was a proper person.

We have no hesitation in sustaining the trial court that the car was properly condemned.

The judgment of the trial court is hereby affirmed.

STEVENS, C. J., and WAGNER, ALBERT, and FAVILLE, JJ., concur.

SUPPLEMENTAL OPINION.

 PER CURIAM: One of the propositions raised in the petition for rehearing is that the costs were improperly taxed to intervener and that they should have been taxed as provided by section 2014 of the Code of 1931. This statute provides:

"The sheriff shall apply the proceeds of a sale, or of the forfeited bond, in the following order: * * * 2. Court costs. * * *"

There is no other provision in the statute for the taxation of costs in re the seizure and condemnation of motor vehicles employed in the unlawful transportation of intoxicating liquors.

It is the opinion of the court that the costs in such proceedings should be taxed and paid in the manner and order provided by the statute. It follows that the opinion heretofore filed in this case should be and it is hereby modified so as to require the costs involved herein to be taxed and paid out of the proceeds of the sale of the motor vehicle or of the penalty recovered on the bond.

With the foregoing modification, the petition for rehearing is overruled.