STATE OF IOWA, Appellant, v. ONE CERTAIN AUTOMOBILE et al., Defendants, Appellees; YELLOW MANUFACTURING ACCEPT- ANCE CORPORATION et al., Intervenors, Appellees.

No. 45623.

NOVEMBER 12, 1941.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, Francis J. Kuble, County Attorney, and Walter W. Selvy, Assistant County Attorney, for appellant.

Harold Newcomb, for appellee, Yellow Mfg. Accept. Corp.

E. C. Newell, for intervenor-appellee, Montgomery Ward & Co.

MITCHELL, J.—This is an action brought pursuant to chapter 97, Code of Iowa, 1939, providing for the seizure and sale of conveyances used in the illegal transportation of liquor. Petition for the forfeiture of a truck belonging to one Hyman Magidow was filed in the office of the clerk of the district court of Polk county, Iowa, on the 6th day of December, 1940, by one John Nieburg, state agent.

Montgomery, Ward and Company and Yellow Manufacturing Acceptance Corporation, on the 9th day of December, 1940, and on the 12th day of December, 1940, respectively, by leave of court, intervened in the above cause. Montgomery, Ward and Company claims in said petition that it had a conditional sale contract upon certain tires and tubes sold to said Magidow by said company and were at the time of the seizure attached to the wheels of said truck. That said conditional sale contract was filed for record in the office of the county recorder of Polk county, Iowa, docket No. 72–193 and file No. 283.

That said Yellow Manufacturing Acceptance Corporation alleged in its petition that it was the assignee of a conditional sale contract covering said truck, which contract had been assigned to it by General Motors Truck and Coach, Des Moines, Iowa, vendor. That Hyman Magidow was the vendee named in said contract and that said contract covered truck Model No. AC403, Chassis No. 2565, together with extra equipment as follows: Chassis and cab and dual rear DP axle. Said conditional sale contract, Exhibit "A" was duly filed for record in the office of the county recorder of Polk county, Iowa, on April 18, 1940. Said Yellow Manufacturing Acceptance Corporation, intervenors, further claimed that it had no knowledge or notice that said truck was used in the illegal transportation of intoxicating liquor.

The court handed down its judgment and decree on the 24th day of December, 1940, ordering that the truck above referred to be returned unto the Yellow Manufacturing Acceptance Corporation in full satisfaction of all its liens and claims thereon and free and clear of any of the claims or liens on the part of the State of Iowa under the proceedings in this cause for the forfeiture and confiscation of said truck. It was further

ordered, adjudged and decreed, that the tires described in the petition of intervention of Montgomery, Ward and Company be returned unto Montgomery, Ward and Company in full satisfaction of all its liens.

The court further found that the defendant, Hyman Magidow, had no equity in the truck, as the value of the motor vehicle and the tires was considerably less than the liens of the intervenors. The State of Iowa has appealed.

On the 6th day of December, 1940, a state agent filed in the office of the clerk of the district court of Polk county, a petition wherein he alleged that a certain automobile, describing it, was employed in the illegal transportation of liquor in Polk county, Iowa, in violation of law. The notices provided by the law were served and published. The truck was placed in the custody of the sheriff of Polk county, Iowa. The Yellow Manufacturing Acceptance Corporation and the Montgomery, Ward and Company filed petitions of intervenors.

Code section 2012 of the Code of Iowa, 1939, is as follows:

"2012 Orders as to claims. On the hearing the court shall determine whether any claim or lien shall be allowed. If allowed, he shall enter an order fixing therein the amount and priority of all such claims or liens allowed, and shall enter such further order for the protection of the claimants or lienholders as the evidence may warrant."

The above-quoted section provides that after hearing and proof offered both on the part of the State and the claimants, the court shall determine whether any claimant or any lienholder shall have any claim or lien allowed.

The section goes on to clearly announce the rule that if a claim or lien is allowed the court shall enter an order fixing the amount and the priority, and shall also "enter such further order for the protection of the claimants or lienholders as the evidence may warrant."

There is no dispute in the record, that the value of the liens of the appellees far exceeded the value of the truck, and the evidence clearly shows that neither appellee had any knowledge that the truck would be used for illegal purposes.

In the case of State v. One Certain Buick Sedan, 209 Iowa 791, 800, 229 N. W. 173, 177, this court said:

"Finally, it is urged by the State that the trial court erred in releasing the automobile to the claimant. To put the thought in another way, the State maintains that it was the trial court's duty to forfeit the vehicle, sell it, and pay the claimant only such amount from the proceeds thereof as, under the record, appeared necessary for the satisfaction of its claim. Foundation for this contention is predicated upon Chapter 60 of the Acts of the Forty-third General Assembly. That legislation is an amendment to Sections 2012 and 2013 of the 1927 Code. It went into effect April 10, 1929, and the automobile in question had been previously seized, on March 28th of that year. Consequently, the law was not in effect when the vehicle in question was taken into custody. Decision of the controversy, then, must be made under the law before the amendment.

"The purpose of the proceeding under the statute is to forfeit the vehicle conveying the intoxicating liquors. Intervention by the claimant is to avoid the forfeiture. When there is a judgment of forfeiture, there shall be a sale, and the proceeds must be distributed according to the rights of the claimants; and if they are not entitled to any or all of it, the whole or the remainder, as the case may be, shall go to the county school fund; but if there is no judgment of forfeiture, there will be no sale. This is indicated by a study of Chapter 97, 1927 Code, which includes the sections previously quoted. Section 2012 thereof provides that 'no conveyance shall be returned to any claimant, either as owner or lien holder,' unless certain facts are proven. Clearly it is indicated thereby that, if those facts do appear in the record, the return may be made to such owner or lien holder. Here, as before stated, those facts appeared to the satisfaction of the district court, and consequently it was proper for that tribunal to order the vehicle returned to the intervener if the entire value thereof would no more than satisfy the claim."

Under this record there was no reason for a judgment of forfeiture, it was unnecessary, for the evidence clearly shows

that the truck was not worth the amount of the lien. The evidence without dispute, disclosed a want of knowledge on the part of the intervenors that the car was being used by Magidow for the unlawful transportation of intoxicating liquors.

Section 2012 gives the trial court the right to order the return of the conveyance which is charged with having been used to illegally transport intoxicating liquors, where the evidence shows, as it does in this record, that the amount of the liens exceed the value of the truck, and that the claimant had no knowledge that the truck was to be used illegally.

A forfeiture in this case would not have helped the State, as the liens exceeded the value of the truck, and there would have been nothing to turn over to the county treasurer for the benefit of the school fund.

It necessarily follows that the lower court was right in so holding.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.