STATE of Iowa, Appellant,

v.

ONE CERTAIN CONVEYANCE 1978 DODGE MAGNUM, MAROON IN COLOR, COLORADO LICENSE: HH–1806 VIN: XS22K8R268511.

No. 68372.

Supreme Court of Iowa.

June 15, 1983.

Steven R. Regenwether, Asst. County Atty., and James L. Sines, Pros. Intern, for appellant.

Douglas S. Russell of Leff, Leff, Leff, Haupert & Traw, Iowa City, for claimant/cross-appellant Lon E. Liebergen.

William L. Yetter, Iowa City, for claimant/appellee Gerald N. Liebergen.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ and WOLLE, JJ.

McGIVERIN, Justice.

This case involves the forfeiture of a 1978 Dodge Magnum automobile, which was

used in the conveyance of a controlled substance by claimant Lon E. Liebergen, who owned the vehicle. The State of Iowa appeals from the district court's ruling that the forfeiture was ineffective against Gerald N. Liebergen, who claimed a security interest in the vehicle. Claimant Lon cross appeals from the district court's ruling that the seizure of the vehicle complied with Iowa Code section 127.2 (1981). We affirm the district court decision in all matters except that relating to the alleged security interest of Gerald; as to that issue, we reverse and hold that he did not have a valid security interest in the vehicle which was superior to the interest of the State.

In 1979 Lon entered into a written contract with his parents, Gerald and Marlene Liebergen, pursuant to which they loaned him $6,460 for the purchase of the 1978 Dodge Magnum. The contract was a promissory note and did not contain language to create a security interest in the auto for Gerald. Gerald testified that the parties intended to create a security interest in the automobile, but that the interest was not noted on the certificate of title until February 12, 1982. *See* Iowa Code § 321.50(1) ("A security interest in a vehicle ... is perfected by ... an application for certificate of title which lists such security interest....").

On May 8, 1981, Lon used the vehicle to convey LSD (lysergic acid diethylamide), a schedule I controlled substance. Iowa Code § 204.204(4)(i). He then sold the LSD to a state narcotics undercover agent. Law enforcement officers continued their investigation of Lon until December 15, 1981, when he was arrested and the vehicle seized. On December 15 an information was filed seeking the vehicle's forfeiture pursuant to Iowa Code section 204.505(8) and ch. 127. Notice of the time of the forfeiture hearing also was given to appropriate persons pursuant to section 127.11(1).

Thereafter, Lon, the owner of record, filed a claim under section 127.11(2) for the automobile, denying the allegations of the information. Gerald filed a claim as lienholder on February 16, 1982, four days after

perfecting his security interest by causing it to be noted on the certificate of title of the auto. Iowa Code § 321.50(1) ("A security interest in a vehicle ... [may be perfected] by an application for notation of security interest signed by the owner....").

Lon filed a motion to dismiss the information alleging that the delay of 222 days between the use of the vehicle to transport a controlled substance and his arrest did not comply with section 127.2. Section 127.2, which is made applicable by section 204.-505(8) to conveyances used to transport controlled substances, provides as adapted:

A peace officer who discovers that [a controlled substance] has been or is being transported in violation of law, shall summarily arrest the offender and likewise seize said [controlled substance] and the conveyance used to effect said transportation.

The district court overruled the motion to dismiss.

After a forfeiture hearing, the court's final judgment forfeited the vehicle to the State and ordered that Lon shall have no further interest in it. The court further ordered, in substance, that the State's interest was subject to Gerald's security interest in the vehicle.

The State appeals from the latter portion of the judgment and Lon cross appeals from the overruling of his motion to dismiss and judgment against his interest in the vehicle.

I. *Standard of review.* In forfeiture actions we sit to correct errors of law. Forfeiture under chapter 127 is a special proceeding triable to the district court and is not triable de novo on appeal to us. *State v. One Certain Conveyance, A 1969 Cadillac,* 207 N.W.2d 547, 548 (Iowa 1973).

There is little dispute about the facts of this case. The issues raised by the parties concern matters of statutory construction.

In construing the language of chapter 127 we have stated that a paramount standard of construction is "to consider the language used, the object to be accomplished, the evils and mischief sought to be remedied—

then to place a reasonable construction on the statute which will best effect its purpose." *State v. One Certain Conveyance, 1971 Honda 350 Motorcycle,* 211 N.W.2d 297, 299 (1973). We further noted that the obvious purpose of the Uniform Controlled Substances Act, Iowa Code ch. 204, was to inhibit the easy distribution of drugs and that the legislature did not intend a construction which would facilitate rather than restrict the acquisition and use of prohibited controlled substances. *Id.* at 299–300.

With these principles in mind, we consider the issues raised by the parties.

■ II. *When the conveyance may be seized.* Initially, we must consider Lon's argument on his cross appeal that section 127.2 was not complied with because over seven months elapsed between the transportation of the controlled substance and the seizure of the automobile. Lon contends that the language, "shall summarily arrest the offender ... and ... seize ... the conveyance," requires the police to seize the vehicle immediately upon learning of an unlawful conveyance. He says the subsequent seizure here caused the forfeiture proceeding to be invalid.

The district court, however, construed the above language as meaning "without hearing and without prior legal process and procedures." Due to the nature of narcotics investigations, the interpretation of the district court facilitates the purpose of the statute. We believe the court correctly overruled Lon's motion to dismiss.

Lon's argument for immediate seizure would thwart drug investigations. We have previously noted that there are many sound reasons for investigative delay in drug cases; therefore, the prosecutors must be allowed wide discretion in deciding when to bring charges. *State v. Schlick,* 257 N.W.2d 59, 61 (1977) (eight-month delay between alleged delivery of controlled substance and arrest).

We do not believe that the legislature intended the provisions of chapter 127, as made applicable by section 204.505(8), to soften the impact of drug investigations under the Uniform Controlled Substances Act, Iowa Code ch. 204. Section 127.2 gives law enforcement officials the discretion they need in drug investigations: upon "[discovering] that [a controlled substance] *has been* or is being transported in violation of the law, [a peace officer] shall summarily ... seize ... the conveyance...." (Emphasis added.) We had a previous opportunity to construe the antecedent to section 127.2, Iowa Code § 2001 (1927), which is identical to the present provision, in *State v. One Certain Ford Coupé,* 205 Iowa 597, 599, 218 N.W. 346, 347 (1928). Our holding then remains valid today: "This section expressly covers a situation where a conveyance '*has been* used in the transportation of intoxicating liquor' [or a controlled substance]."

We conclude that section 127.2 has remained unchanged by the legislature because of the necessary flexibility it affords law officers in their investigatory techniques. Either they can conduct a prolonged investigation and then seize a vehicle which "has been used" for the conveyance of contraband, or an instant seizure of the conveyance can be made if that is what is required under the circumstances. *See State v. Victor,* 310 N.W.2d 201, 205 (Iowa 1981) (the word "shall" directed toward public officials is not necessarily mandatory).

We agree with the district court that the law enforcement officers acted within the bounds of section 127.2 by continuing their investigation for seven months before seizing the conveyance. Otherwise, the effectiveness of the undercover agent and investigation could have been lost or hampered.

Lon's argument on appeal that his rights were prejudiced because the delay in seizing the vehicle resulted in failed memories of his witnesses was not raised in his motion to dismiss or otherwise brought to the attention of the trial court. Therefore, we need not consider that issue now. *State v. Herndon,* 257 N.W.2d 19, 21 (Iowa 1977) (Error is not preserved if defendant fails "[to renew] the motion to dismiss with a specific showing of prejudice at the close of the evidence

to enable the trial judge to assess the prejudicial effect of the delay, if any there· were."). In any event, we believe that under the principles discussed in *State v. Williams,* 264 N.W.2d 779, 783 (Iowa 1978), Lon has made an inadequate showing of prejudice to grant him relief on the basis he now urges.

The cross appeal by Lon is affirmed.

 III. *Necessity of perfecting security interest before seizure of vehicle.* Having concluded that Lon's interest in the automobile was properly forfeited, we next consider the appeal in which the State contends that the court erred in subjecting the forfeited vehicle to Gerald's security interest in it. The State seized the vehicle on December 15, 1981. We hold that the validity of a claimant's security interest must be determined as of the date of seizure; consequently, the forfeiture to the State is not subject to any lien which George perfected *after* the seizure.[1]

Our conclusion is based on the harmonizing of the following three statutory provisions. First, section 127.11(1) provides that "[n]otice of the time and place of the forfeiture hearing shall be personally served upon all owners and *lien holders of record* of the seized conveyance...." (Emphasis added.) Whether or not a person is entitled to such notice, section 127.11(2) states that *"[a]ny person* having a claim to the conveyance may file a claim with the clerk of court alleging his or her claim to the vehicle and the grounds relied upon in claiming that his or her property interest in the conveyance may not be forfeited." (Emphasis added.) Finally, section 127.13 requires that "[t]he property interest of an owner or lien holder who did not consent or know of the transportation of the [controlled substance] shall not be affected by the order [of forfeiture]."

Focusing first on the language of the above provisions, we note that while "any person" may file a claim to a seized vehicle,

§ 127.11(2), only the property of an "owner" or "lien holder" is protected from forfeiture, § 127.13. The protected lien holders under section 127.13, we conclude, are only those "lien holders of record" entitled to receive notice, § 127.11(1). Gerald was not entitled to receive notice of the forfeiture hearing under section 127.11(1) when that notice was filed on December 15, 1981; he did not become a lien holder of record until February 12, 1982. Section 127.13 does not protect Gerald's security interest because he was not a "lien holder of record" on the date of seizure, December 15.

Further support for our conclusion is demonstrated by cases decided under the predecessors of the present chapter 127. Initially, the statute specified that a claim could not be established if the claimant "[f]ails to establish that his lien was duly recorded prior to the seizure." Iowa Code § 2012(5) (1927). In construing section 2012(5) this court noted the following:

> In this instance, we are dealing with an instrumentality used for the commission of a crime within this state. The settled public policy of this state, as declared by legislative enactment, is that, where such instrumentality is used for an unlawful purpose, and in the perpetration of crime, it may be seized and forfeited.
>
> \* \* \* \* \* \*
>
> [Recording of the lien prior to seizure] is one condition which the legislature has seen fit to place upon the right of a claimant lien holder to have the property so seized returned to him.

*State v. Kelsey,* 206 Iowa 356, 358–59, 220 N.W. 324, 325–26 (1928).

Thereafter, the legislature repealed section 2012 and did not include the recording requirement in the new enactment. 1929 Iowa Acts ch. 60 ("§ 2012. On the hearing the court shall determine whether any claim or lien shall be allowed. If allowed, he shall enter an order fixing therein the

---

1. Our holding is limited to liens which arise out of a creditor-debtor relationship where the owner retains possession; such liens must be perfected by notation on the certificate of title.

Iowa Code § 321.50. We express no opinion as to the rights of lienholders who perfect by possession. *E.g.* Iowa Code chs. 577 (artisan's lien); and 579 (storage lien).

amount and priority of all such claims or liens allowed, and shall enter such further order for the protection of the claimants or lienholders as the evidence may warrant.").[2] Nonetheless, subsequent cases by this court dealing with the claims of lien holders continued to point out that the lien had been recorded prior to the seizure. *State v. One Certain Automobile,* 230 Iowa 1294, 1295, 300 N.W. 528, 529 (1941) (both claimants alleged that their liens had been duly recorded prior to seizure of the automobile); *State v. One Chrysler Convertible Coupe,* 215 Iowa 1308, 1311, 245 N.W. 243, 244, *modified on other grounds,* 215 Iowa 1308, 1312, 247 N.W. 639 (1933) (conditional sale contract signed, acknowledged and recorded). Thus we conclude that the statutory change did not cause us to negate the requirement that a claimant's lien be "of record" at the time of seizure in order to be deemed superior to the State's interest upon forfeiture.

Finally, we note that the requirement that a lien be recorded prior to seizure of the vehicle in order to prevail over the State's claim under chapter 127 is consistent with the recording requirements of the statutory certificate of title provision. See Iowa Code § 321.50. Even between the parties, a security interest in an automobile is not recognized unless it has been perfected by recording it on the certificate of title. Hudson, *Iowa Motor Vehicle Certificate of Title Law V,* 17 Drake L.Rev. 25, 38 (1967).

Likewise, the security interest of a claimant in a vehicle used for the transportation of a controlled substance, mentioned in section 204.505(8), is not recognized unless it was recorded prior to the seizure of the vehicle. A contrary holding, which would allow the lien holder to perfect his claim after seizure, would set the stage for collusion between the conveyor of contraband and a bad faith claimant. Without implying that this may be true of the parties in the present case, we cannot construe the statute to allow the possibility of future abuse of the forfeiture provisions. Clearly,

the legislature intended chapter 127 to assist law enforcement and not conveyors of controlled substances.

After considering all of the contentions raised on both appeals, we reverse on the State's appeal and affirm on claimant Lon E. Liebergen's cross appeal.

APPEAL REVERSED; CROSS APPEAL AFFIRMED.

---

2. The present version of chapter 127 impliedly continues to necessitate a judicial determination as to which claims or liens should receive protection under section 127.13.