# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-CA-00254-SCT

*BOBBY REGAN, VERDIE REGAN AND JOEL TURNAGE*

*v.*

*CITIZENS BANK, A MISSISSIPPI BANKING CORPORATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/04/93 |
| TRIAL JUDGE: | HON. HOWARD L. PATTERSON JR. |
| COURT FROM WHICH APPEALED: | MARION COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | JAMES C. RHODEN |
| ATTORNEY FOR APPELLEE: | RICHARD F. YARBOROUGH, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 5/30/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/20/96 |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Citizens Bank is a commercial lender whose principal place of business is in Columbia, Mississippi. The Bank loaned money to Regan Contractors, Inc. and as collateral for that loan the Bank acquired a perfected security interest in four motor vehicles owned by Regan Contractors, Inc. The perfected security interest is evidenced by four original certificates of title issued by the State of Mississippi on the four vehicles. Citizens Bank is the first and only lienholder named on any of the certificates of title to the vehicles.

¶2. On April 28, 1989, Regan Contractors, Inc. executed a $20,000 promissory note to Verdie Regan and Joel Turnage. To secure the loan evidenced by the note, Regan Contractors, Inc. executed a security agreement granting Verdie Regan and Joel Turnage a security interest in a 1979 White truck and a 1978 Ford Gang truck then owned by Regan Contractors, Inc. That same day, Regan Contractors, Inc. executed a $22,654 promissory note to Verdie and Bobby Regan. Regan Contractors, Inc. also executed a security agreement granting the Regans a security interest in a 1977 Ford Gang truck, a 1981 Ford Gang truck, and a 1981 International Gang truck, then owned by Regan Contractors, Inc. to secure this loan from the Regans. Regan Contractors, Inc. also executed financing statements concerning these security interests, which the parties thereafter filed with the Mississippi Secretary of State. This attempt at perfection of the security interests is the method prescribed for non-titled personal property. The Regans did not utilize the method prescribed under the Mississippi Motor Vehicle Title Law, Miss. Code Ann. § 63-21-1 to -77 which embodies a statutory provision expressly providing how a security interest or lien is perfected in a

titled motor vehicle. See Miss. Code Ann. § 63-21-43(2).

¶3. Regan Contractors, Inc. defaulted on its indebtedness to Citizens Bank. The Bank took possession of the four vehicles and liquidated the vehicles pursuant to its security agreement and the law of the State of Mississippi pertaining to liquidation. At no time prior to liquidation of these four vehicles was Citizens Bank provided either an application for a certificate of title or a new certificate of title on any of these four vehicles indicating that the Regans were named lienholders. On the date of the liquidation sale the Bank was the only lienholder named on the certificate of title.

¶4. Bobby Regan, Verdie Regan, and Joel Turnage filed a petition in the Chancery Court of Marion County, Mississippi seeking to set aside the sale of the property by the Citizens Bank or in the alternative damages from the Bank for improper and unreasonable sale of property and contravention of their security interests in the property. In response the Bank moved for a summary judgment which was granted by the Chancellor. The Chancellor based his determination on the fact that the Regans did not properly perfect their lien in the four vehicles at issue in accordance with the Mississippi Motor Vehicle Title Law, § 63-21-43.

## I.

## MISSISSIPPI MOTOR VEHICLE LAW

¶5. The Regans argue that the chancery court erred in concluding that they had no cause of action against the Bank because they did not perfect their security interests under the Mississippi Motor Vehicle Title Law. They argue that nothing in that law affects the procedures for selling vehicles subject to liens or security interests since Article 9 of the Uniform Commercial Code (U.C.C.) governs such sales. The Regans argue that since they had enforceable security interests in the vehicles, although they did not perfect their interests according to the Mississippi Motor Vehicle Title Law, they did not lose their status as secured parties under the relevant U.C.C. provisions because of their failure to perfect those interests. Also, because they had notified the Bank of their interests, under the U.C.C. they were entitled to notice of the sale from the Bank.

¶6. The Bank responds that the Chancellor was correct in determining that Miss. Code Ann. § 63-21-43, the applicable section under the Mississippi Motor Vehicle Title Law, operated to preclude the Regans' claim against the Bank, that the Regans did not perfect their security interest in the motor vehicles as provided under the Mississippi Motor Vehicle Title Law, and that a security interest in titled motor vehicles is not valid against lienholders unless perfected as provided in Miss. Code Ann. § 63-21-43(2).

¶7. The collateral in which the Regans claim an interest was titled vehicles and was subject to the provisions of the Mississippi Motor Vehicle Title Law. A "security agreement" is a "written agreement which reserves or creates a security interest." Miss. Code Ann. § 63-21-5(p). A "security interest," in turn, is "an interest in a vehicle reserved or created by agreement and which secures payment or performance of an obligation." Miss. Code Ann. § 63-21-5(q). Under the Mississippi Motor Vehicle Title Law § 63-21-43(1) "a security interest in a vehicle of a type which a certificate of title is required is not valid against creditors of the owner or subsequent transferees or lienholders of the vehicle unless perfected as provided by this chapter." Miss. Code Ann. § 63-21-43(2) (emphasis added). Section 63-21-43 expressly provides how a security interest or lien is perfected in a titled motor vehicle.[1] This section provides: "(2) A security interest is perfected by the delivery to the comptroller of the existing certificate of title, if any, an application for a certificate of title

containing the name and address of the lienholder and the date of his security agreement, and the required fee." Miss. Code Ann. § 63-21-43(2) (1993).

¶8. The Legislature amended this section in 1995 changing the requirements for perfecting a security interest in vehicles. However, the application of these changes is prospective only. See ***Presley v. Mississippi State Highway Comm'n***, 608 So. 2d 1288 (Miss. 1992) (Banks, J., plurality); ***Mississippi Ins. Guar. Ass'n v. Gandy***, 289 So. 2d 677 (Miss. 1973); ***McCullen v. State***, 217 Miss. 256, 63 So. 2d 856 (1953).

¶9. However, the Regans attempted to perfect their security interest by using the method prescribed under the U.C.C. for non-titled personal property. They sought to perfect their interest in motor vehicles by U.C.C. filings in the office of the Marion County Chancery Clerk and the Mississippi Secretary of State.

¶10. The Regans argue that the purpose of the language in Miss. Code Ann. § 63-21-43(1), that an unperfected security interest in a vehicle is not "valid" against other lienholders or subsequent transferees, is to govern priority disputes and disputes involving the rights of bona fide purchasers. They claim that this section does not wholly negate unperfected security interests, nor does it affect the right of a secured party to notice of the sale of the vehicle, especially where the seller has notice of the security interest.

¶11. Though their argument must fail, this question has arisen in several other jurisdictions. "Probably no other species of commercial transaction has led to more lien priority disputes than the manufacture, purchase, and resale of motor vehicles and other goods required by state law to carry certificates of title." Richard L. Epling, *Priority Disputes in Motor Vehicles and in Other Certificated Goods*, 41 Bus. Law. 361, 361 (1986). The largest problem here is if by not following the Mississippi Motor Vehicle Title Law for perfection is the "secured" party's interest invalid, as the statute clearly says, or does the language comply with the U.C.C., Article 9, and allow the party's interest to be subordinated to a perfected party, putting them in the position of an unperfected secured party? The authorities and other states have dealt with the inconsistencies that lie between the Motor Vehicle Certificate and Title Act and the U.C.C. See ***Simplot v. Owens***, 805 P.2d 477 (Idaho Ct. App. 1990); Delisa Flowers Eddings, *Buying a Previously Leased or Rented Car: Buyers Beware of Sellers not in Business of Selling Goods of that Kind*, 24 Mem. St. U. L. Rev. 87, 100-06 (1993). The conflict that arises between the U.C.C. and certificate of title legislation concerns the failure to perfect a security interest. In some title act jurisdictions any interest that is not recorded on the certificate will not be recognized.[2] See ***Jones v. Beavers***, 866 P.2d 362 (N.M. 1993); ***State v. One Certain Conveyance 1978 Dodge Magnum***, 334 N.W.2d 724 (Iowa 1983). The putative secured party has no valid claim against creditors. See Miss. Code Ann. § 63-21-43(1).

¶12. On the other hand, the U.C.C. provides that where its filing system is the means of perfecting security interests in any chattel, failure to perfect does not result in the loss of all rights in that chattel. Rather the unperfected interest is simply subordinated to properly perfected interests to certain lien creditors. Perhaps in seeing the inequities that arose from such strict compliance with the Mississippi Motor Vehicle Title Law, and the inconsistencies that arise between the Mississippi Motor Vehicle Title Law and the U.C.C., the Legislature amended section 63-21-43(2). The 1995 amended section 63-21-43(2) now allows for perfection according to the U.C.C., allowing for lien creditors, who fail to comply with the statutory scheme of perfecting, the status of an unperfected secured party. But, the Regans' claim comes before this section was amended. Since the Regans failed to perfect their security interest according to the previous provision, their interest is not secured and not valid against the Bank's perfected lien. With the amended section,

perhaps now the inequities which arose to one not so savvy in secured transactions, will not arise, but these changes occurred too late for the Regans.

¶13. In the alternative, the Regans state that they do not base their claim upon priority rights, but rather upon the right to notice of the sale by the Bank because the Bank had actual notice of their security interest. The Regans state that they had given the Bank notice of the existence of their security interests in the motor vehicles. The Regans' argument, that they were required notice because they had given the Bank notice of their interest, is faulty because they are relying on the fact that they are a secured party and should receive the rights afforded an unperfected secured party under Article 9 of the U.C.C. However, as stated above, the Mississippi Motor Vehicle Title Law contains language which makes a secured interest invalid if the parties do not follow statutory procedures. The Regans therefore never received a right to the vehicles, and therefore had no claim to assert. The Regans' argument has no merit.

¶14. AFFIRMED.

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. A security interest in an automobile held as inventory is perfected pursuant to the U.C.C. Miss. Code Ann. § 75-9-302(3)(b).

2. Most jurisdictions have provided exceptions to the Motor Vehicle Title Act to protect innocent purchasers and goods purchased in the ordinary course of business.