IN THE MATTER OF THE ESTATE OF CHARLES KUHN, deceased, A. D. LONG, Administrator; CHAS. KUHN, SR., Plaintiff, v. SARAH KUHN, Appellant.

**Descent and distribution:** INTEREST OF A MURDERER. Code, section 3386 which prohibits one who has feloniously taken or caused to be taken the life of another, from taking any portion of his estate

by inheritance, devise or legacy, does not deprive a widow who has taken the life of her husband of her distributive share of his estate under Code, section 3366.

*Appeal from Keokuk District Court.*— HON. J. T. SCOTT. Judge.

·THURSDAY, OCTOBER 27, 1904.

THE plaintiff herein, Chas. Kuhn, Sr., is the father of Chas. Kuhn, Jr., who died on the 4th day of September, 1900, from the effects of poison unlawfully and feloniously administered to him by the appellant, Sarah Kuhn. *State of Iowa v. Kuhn,* 117 Iowa, 216. This is an action in probate, brought by the plaintiff to determine the right of the defendant, Sarah Kuhn, to take the distributive share of her deceased husband's estate, provided for by section 3366 of the Code. There was a judgment determining the issue adversely to the defendant, and she appeals.— *Reversed.*

*D. W. Hamilton* and *C. M. Brown,* for appellant.

*W. C. Gamble* and *J. P. Talley,* for appellee.

SHERWIN, J.— The question of first importance in this case, and the only one which we feel called upon to determine, is whether the defendant, Sarah Kuhn, is denied the right to a distributive share of her deceased husband's estate by section 3386 of the Code. The section is in the following language, so far as the same is material here: " No person who feloniously takes or causes or procures another so to take the life of another shall inherit from such person, or take by devise or legacy from him, any portion of his estate;  *  *  *  but in every instance mentioned in this section, all benefits that would accrue to any such person upon the death  *  *  *  of the person whose life is thus taken shall become subject to distribution among the other heirs of such deceased person, according to the

foregoing rules of descent and distribution in case of death."
The language of the statute is that the murderer shall not
inherit or take by devise or legacy from the deceased person.
The law is well settled in this State that the distributive
share which the widow takes under section 3366 of the Code
goes to her as a matter of contract and of right, and not by
inheritance. *Phillips v. Carpenter,* 79 Iowa, 600; *French
v. French,* 84 Iowa, 655; *Smith v. Zuckmeyer,* 53 Iowa, 14;
*Burns v. Keas,* 21 Iowa, 257; *Rausch v. Moore,* 48 Iowa,
611. It is apparent, therefore, that section 3386 does not,
by its express terms, prohibit the guilty spouse from taking
the distributive share provided for in section 3366.

It is insisted, however, that it was the intention of the
statute to prohibit any person from taking or receiving any
benefits which might come to him as the result of his crim-
inal act, and that it should be so construed in the interest
of justice and public policy. It cannot be doubted that
the statute must be regarded as penal. It imposes a for-
feiture of a property right which becomes vested upon the
death of the ancestor or testator. It is not strictly a crim-
inal statute, but so much in the nature of one that we have
held that such statutes must be strictly construed. *Hanks
v. Brown,* 79 Iowa, 560; *Bond v. Wabash, St. L. & P. Ry.
Co.,* 67 Iowa, 712. And such is the general rule recognized
by the authorities. *Farmers' & Mechanics' Nat. Bank v.
Dearing,* 91 U. S. Rep. 29 (23 L. Ed. 196); *Cleveland, C.,
C. & St. L. Ry. Co. v. Wells,* 65 Ohio St. 318 (62 N. E.
Rep. 332, 58 L. R. A. 651). And see cases cited in note
in 26 Am. & Eng. Enc. of Law, 661.

It is said by the appellee that notwithstanding this
rule, the statute should be given an equitable construction
so as to bring the defendant within the scope of its purpose.
But we are cited to no authority which goes to the length
of holding that a penal statute should be given such a con-
struction for the purpose of bringing within its purview per-
sons or acts which are not within the legitimate intendment

thereof as determined by the words of the statute itself. Such statutes are inelastic, and cannot by construction be made to embrace cases plainly without the letter, though within the reason and policy, of the law. The *State v. Lovell,* 23 Iowa, 304. In *United States v. Wiltberger,* 5 Wheat. 76 (5 L. Ed. 37), Chief Justice Marshall, speaking of this rule of construction, said:

The rule that penal laws are to be construed strictly, is perhaps not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals, and on the plain principle that the power of punishment is vested in the Legislature, not in the judicial department. It is the Legislature, not the court, which is to define crime and ordain its punishment. It is said that, notwithstanding this rule, the intention of the lawmakers must govern in the construction of penal as well as other statutes. This is true. But this is not a new, independent rule which subverts the old. It is a modification of the ancient maxim, and amounts to this: that, though penal laws are to be construed strictly, they are not to be construed so strictly as to defeat the obvious intention of the Legislature. The maxim is not to be so applied as to narrow the words of the statute to the exclusion of cases which those words, in their ordinary acceptation, or in that sense in which the Legislature has obviously used them, would comprehend. The intention of the Legislature is to be collected from the words they employ. Where there is no ambiguity in the words, there is no reason for construction. The case must be a strong one, indeed, which would justify a court in departing from the plain meaning of the words, especially in a penal act, in search of an intention which the words themselves did not suggest. To determine that a case is within the intention of a statute, its language must authorize us to say so. It would be dangerous, indeed, to carry the principle that a case which is within the reason or mischief of a statute is within its provisions so far as to punish a crime not enumerated in the statute because it is of equal atrocity or of kindred character with those which are enumerated.

The rule thus announced by the great jurist has been

the guide to the courts and text-writers ever since it was handed down and became a part of the law. It being true, then, that the statute cannot be extended by implication beyond the fair and legitimate import of the words used therein, we come to an examination of its language. The statute was enacted in 1897, and long prior thereto this court had held that the surviving spouse did not take the distributive share provided for by the statute by descent or as an heir, but of right and under the statute; and it is to be presumed that the Legislature was advised of such rule, and that the words used in the statute were knowingly and deliberately used with this limitation in mind. To hold otherwise would be to say that the lawmakers were ignorant of the law of their own State, and this is beyond the duty of the court. It is argued that the last clause of the statute, which says that all benefits that would accrue to any such person upon the death of the person whose life is taken shall be distributed among the other heirs, brings the defendant within its provisions. But this is not true. The language relates back to the particular persons who are prohibited from taking; that is, the benefits which would accrue to one who inherits on account of the death shall be distributed to the other heirs.

It is contended, also, that it would be against public policy to permit the defendant to derive advantage from her criminal act. But the public policy of a State is the law of that State as found in its Constitution, its statutory enactments, and its judicial records. *People v. Hawkins,* 157 N. Y. 12 (51 N. E. Rep. 257, 42 L. R. A. 490, 68 Am. St. Rep. 763). And when such policy, touching a particular subject, has been declared by statute, as in this case, it is limited by such statute, and the courts have no authority to say that the Legislature should have made it of wider application. The Legislature has since amended the statute by bringing the surviving spouse within its express terms. Chapter 135, page 102, Acts Twenty-ninth

General Assembly. And by thus amending it the Legislature has itself declared that it did not theretofore in express words or by fair import include the spouse of the deceased. As we understand the appellant's argument, no claim is made that she is entitled to more than her distributive share of one-third. The additional amount which she might take under section 3379, in case of no issue surviving, would be taken as an heir under the rule of our cases. *Phillips v. Carpenter, supra.*

We are of the opinion that the defendant is entitled to the distributive share given by section 3366 of the Code. The judgment is therefore *reversed.*