STATE OF IOWA ex rel. WOODBURY COUNTY ANTI-SALOON LEAGUE, Appellant, v. CLIFFORD McGRAW et al., Appellee.

**NUISANCE: Red Light Act—Injunction and Tax Against Owner.** Evi-
1    dence justifying a permanent injunction, under the so-called Red Light Act, against the maintenance by tenants of a house of prostitution, necessarily imposes the duty on the court to enter the injunction against the resident landlord owner, and to assess the statutory $300 tax against the property, even though there is no direct testimony that the owner had knowledge of the character of the house. (Sec. 4944-h8, Code Suppl. Supp., 1915.)

**APPEAL AND ERROR: Effect of Appeal in Equity.** Principle reaf-
2    firmed that an appeal from a final decree in equity deprives the trial court of jurisdiction, and that jurisdiction will not reattach, except in case of remand by the appellate court.

**NUISANCE: Red Light Act—Forfeiture of Property of Innocent**
3    **Owner.** Personal property which is ordinarily and customarily used

for innocent and legitimate purposes is not, in a prosecution under the Red Light Act, forfeitable against the actual owner thereof, when such owner is not shown to have had knowledge that the lessees or conditional purchasers of said property were using the same for the purpose of maintaining, *in an ordinary residence*, a house of prostitution.

**STATUTES:** Construction—Absurd Consequences. Principle reaffirmed that it must be presumed that the legislature did not intend an enactment to work absurd consequences.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

### JUNE 25, 1921.

ACTION to enjoin the maintenance of a nuisance, under the so-called ''Red Light'' law. Decree was entered, granting partial relief, as prayed for in the petition. Plaintiff appeals.— *Affirmed in part and reversed in part.*

*John F. Joseph,* for appellant.

*J. A. Berry* and *A. C. Hatt,* for appellees.

DE GRAFF, J.—The defendants Clifford and Lucille McGraw are husband and wife, and resided at 2707 George Street, Sioux City, Iowa. The defendant Genevieve Longnecker is the owner of the building occupied as a residence by the McGraws under an oral lease. The interveners respectively are the owners of certain furniture, musical instruments, dining room and kitchen utensils, and other personal property, purchased by the McGraws under conditional sale contracts, and used in the residence so occupied by them.

1. NUISANCE: red light act: injunction and tax against owner.

Three questions are presented on this appeal: (1) Did the court err in refusing to grant an injunction against Genevieve Longnecker, defendant, owner of the building in which the nuisance was maintained, and in refusing to levy the $300 tax against said defendant and the real estate in question? (2) Did the court err in entering a substituted and supplemental decree, after appeal had been taken by plaintiff in this cause, without

notice to the plaintiff and without the consent of all parties to the action?   (3) Did the court err in refusing to decree a forfeiture of the furniture and other personal property used on said premises, and in holding that the rights of the interveners are superior to plaintiff's rights in this particular?

I.   This case is governed by the provisions of Section 4944-h2 *et seq.*, Supplemental Supplement to the Code, 1915.   The primary language is as follows:

"Whenever a permanent injunction issues against any person for maintaining a nuisance as herein defined,   *   *   * there shall be imposed   *   *   *   against the person or persons maintaining said nuisance, and the owner or agent of said premises, a tax of $300."   Section 4944-h8.

The evidence in this case is conclusive that the building in question was a place used for the purpose of lewdness, assignation, and prostitution.   All the earmarks were present, to wit: intoxicating liquors with all the appurtenances thereunto belonging; licentious and lascivious acts; the general reputation of the place, and also of its several female inmates; the attendant noises; and nightly visitations of taxicabs, followed by a quiet and peaceful day about the residence.   The record is replete with facts and circumstances from which the court could make but one finding as to the character of the house.

Evidence of the general reputation of the place is competent to prove the existence of the nuisance, and is prima-facie evidence of such nuisance, and of knowledge thereof, and of acquiescence and participation therein on the part of the owner. Section 4944-h3 Supplemental Supplement to the Code, 1915. The instant owner lived in the same city in which the nuisance was maintained, and as such owner, "certainly has some duty in regard to knowing about the character of the people who occupy his premises, a duty not only to himself, but to the public." *State v. Ross*, 186 Iowa 802.

It is said in *State v. Clark*, 189 Iowa 492:

"To hold that the state or a court of equity is powerless to abate nuisances of this character by closing the building, unless the state is able to show, by affirmative evidence, that the owner had knowledge of the nuisance, would make the remedy provided by the statute ineffectual.   *   *   *   We think the intention

of the legislature was to effectually abate the nuisance for at least a year, by closing the building, or by a bond on the part of the owner that he will not permit its continuance."

The conclusions reached in the foregoing case are controlling in the case at bar, and the trial court erred in not ordering the nuisance abated, and in not imposing the $300 tax on the owner. For this reason, the cause is reversed and remanded, with directions to enter a decree in harmony with the statute and this opinion.

II. This holding makes it unnecessary to determine the second question raised by appellant; but, in passing, it may be said that an appeal from a final decree in an equity cause deprives the trial court of further jurisdiction in the premises, and the jurisdiction will not reattach until said cause is remanded.

2. APPEAL AND ERROR: effect of appeal in equity.

The record discloses that, without notice to plaintiff, and after appeal to this court had been perfected, a substituted and supplemental decree was entered by the trial court. This was error. Proceedings to vacate or modify judgments are governed by Section 4091 of the Code; but these provisions contemplate such vacation or modification prior to an appeal.

III. It is further provided:

"If the existence of the nuisance be admitted or established in an action as provided in this act, * * * an order of abatement shall be entered as a part of the judgment in the case, which order shall direct the removal from the building or place of all fixtures, furniture, musical instruments or movable property used in conducting the nuisance, and shall direct the sale of such in the manner provided for the sale of chattels under execution * * *." Section 4944-h5, Supplemental Supplement to the Code, 1915.

3. NUISANCE: red light act: forfeiture of property of innocent owner.

In construing this statute, we must find and declare the legislative intent. A statute should receive a sensible construction, and it must be presumed that the legislature did not intend to give a meaning or application to the language that will lead to injustice or absurd consequences. The law abhors a forfeiture as nature does a vacuum. "Forfeitures are not favored in the law.

4. STATUTES: construction: absurd consequences.

Courts always incline against them.'' *Farmers' & Mechanics' Nat. Bank v. Dearing*, 91 U. S. 29 (23 L. Ed. 196) ; *Reiger v. Turley*, 151 Iowa 491. This statute is silent as to forfeiture of personal property innocently owned by third parties.

''A statute which subjects one man's property to be affected by, charged, or forfeited for the acts of another, on grounds of public policy, should be strictly construed; it cannot be done by implication.'' 2 Sutherland on Statutory Construction (2d Ed.), Section 547.

The title to the personal property in the instant case was not in the offending parties. The property *per se* is not illegal, nor is its ordinary use illegal. If property by its very nature is not subject to lawful use, like gambling paraphernalia, then a different rule would be applied. Had this property consisted of bars, counters, whisky glasses, and containers commonly used in connection with the sale of intoxicating liquor, no court would hesitate to condemn it, under the facts of this case, regardless of the holder of title. But it is innocent in itself, and intended for a beneficial use. May its perversion or conversion to an unlawful use by another, without the knowledge, consent, or connivance of its true owner, subject such owner to a forfeiture? It is not shown in this case that the interveners had knowledge or notice, at the time of sale or thereafter, of the immoral and illegal use to which it may have been subject in the McGraw residence, or that said residence was a nuisance. Had they had such guilty knowledge, a different case would present itself. This is not strictly a criminal statute, but it is penal in its nature, and must be strictly construed. Nothing can be read into it that is not plainly there. *Kuhn v. Kuhn*, 125 Iowa 449.

It may not be said that the forfeiture and sale of lawful property belonging to innocent title holders is necessary for the preservation of the public peace, health, or safety, as contemplated by the purposes of the statute.

Under a Nebraska statute, a vehicle used in the unlawful transportation of intoxicating liquors is a nuisance, and it is furthermore provided that such nuisance shall be abated, and the personal property shall be condemned and sold. It was held, in *State v. Jones-Hansen Cadillac Co.*, 103 Neb. 353 (172 N. W. 36), that it was unnecessary, to effectuate the purpose of the

statute as a whole, "to forfeit the property of an innocent party."

A merchant retaining title in the sale of innocent goods which are placed in the home of the purchaser is not bound to follow and control the use of such merchandise in that home. If a merchant deals with a distillery, a saloon, or any other institution or place that, under the law, is illegal or contrary to the well-defined public policy of the state, the vendor then sells at his peril. Under the Federal law, the forfeiture of spirits at a distillery fraudulently operated will include the interest of a mortgagee or lessee of property therein, although the latter is ignorant of the fraudulent use. Such a rule, however, is not applicable under the law of this state when the property is innocent, the vendor is innocent, and the ordinary use of the building itself is innocent.

True, all property is held under the implied obligation that the owner's use of it shall not be injurious to the community, and an owner with knowledge or notice in the premises cannot complain if loss ensues after the law works a forfeiture in the suppression of an evil connected with the use thereof.

Under the Minnesota statute, any person having or claiming a right, title, or interest in property located in a building or place declared to be a nuisance has the right to come into court and have a trial on the merits. See *State v. Gilbert*, 126 Minn. 95 (147 N. W. 953); *State v. New England F. & C. Co.*, 126 Minn. 78.(147 N. W. 951).

We conclude, therefore, that, under the provisions of our statute, the legislature did not intend to forfeit personal property innocent in itself, belonging to third parties, who possessed no guilty knowledge of its illegal use. The ruling of the trial court on this phase of the case is correct. For the reasons indicated, this cause is—*Reversed in part and affirmed in part.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.