STATE v. CHEVROLET COUPE WITH MOTOR NUMBER 1276337 AND ALL CLAIMANTS.[1]

July 3, 1925.

No. 24,680.

**Intoxicating liquor.**

Intervener failed to support burden of proving that he had no notice or knowledge, or reason to believe, that car was used or intended to be used in transportation of contraband liquor—L. 1921, p. 509. [Reporter.]

See Intoxicating Liquors, 33 C. J. pp. 670, § 363, 687, § 391.

Proceeding in the district court for Martin county by its sheriff to forfeit and sell a Chevrolet coupe used in illegal transportation of intoxicating liquor. Sam Rozen intervened. The matter was heard before Dean, J., who ordered that the vehicle be sold by the sheriff. Rozen appealed from an order denying his motion for a new trial. Affirmed.

*Leo J. Seifert* and *William J. Fisher,* for appellant.

*John W. Lovell,* County Attorney, for respondent.

PER CURIAM.

The sheriff seized the car in charge of one Hanson as he was about to deliver 15 gallons of intoxicating liquor to a resident of Martin county

[1]Reported in 204 N. W. 637.

The car was seized, and Hanson arrested and convicted for unlawfully transporting the liquor. This is a proceeding to forfeit and sell the car.

The record shows that intervener, an automobile dealer in Iowa, had sold the car on a conditional contract to a resident of Iowa by the name of Lowman, title not to pass until payment in full. A short time before the sheriff of Martin county seized it, it had been seized by the sheriff of Jackson county when illegally transporting liquor. It was then in charge of Lowman, who was arrested. Intervener induced the sheriff of Jackson county to let the car be taken back to Lowman in Iowa. A few days after the car was so returned, a resident of Martin county went to Lowman's home and bought 15 gallons of intoxicating liquor, which he was to deliver in Martin county. Hanson was sent with the liquor in this car, and the seizure, arrest and conviction followed, as stated.

Chapter 335, L. 1921, (p. 509), provides with reference to property or vehicles seized when transporting such liquor illegally: "If the court shall find that said property or any part thereof was used for or in connection with the transportation of intoxicating liquor in violation of the constitution or law of this state, or of the United States, he shall order the property so unlawfully used sold as upon execution unless the owner shall show to the satisfaction of the court that he had no notice or knowledge or reason to believe that such property was used or intended to be used in the unlawful transportation of intoxicating liquor."

The court could well conclude that intervener was informed that Lowman had used the car for illegally transporting liquor when seized by the sheriff of Jackson county, yet he immediately turned over the car to Lowman, when he had induced the sheriff to release it. The statute quoted placed the burden of proof upon the intervener to show to the satisfaction of the court that he had no notice, or knowledge or reason to believe that the car was used or intended to be used for transportation of contraband liquor. The record would hardly have justified any other findings than those made.

The order is affirmed.