STATE OF IOWA, Appellant, v. ONE CERTAIN FORD COUPÉ AUTO-
MOBILE; MRS. C. S. EASTMAN, Intervener, Appellee.

MARCH 6, 1928.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant
Attorney-general, *F. W. Edwards,* County Attorney, and *Ralph
William Travis,* Assistant County Attorney, for appellant.

No appearance for appellees.

598

FAVILLE, J.—This proceeding is had under Chapter 97 of the Code of 1924. An information was filed, as provided by Code Section 2005, charging that a certain Ford coupé had been unlawfully employed in the transportation of intoxicating liquors, and that said coupé had been seized, and was now in the custody of the sheriff, and alleging, on information and belief, that said conveyance belonged to one Charles Eastman. Eastman appeared, and filed an answer to said information, denying that he owned said coupé. The wife of Eastman filed a petition of intervention, alleging that she was the owner of said coupé, and that the said Charles Eastman had no interest therein, and denying that she had ever used the same for the unlawful transportation of liquor, and also alleging that she had "never given her consent to anyone to so use said car." The State filed an answer, containing a general denial of the petition of intervention, and the case proceeded to trial. The evidence is in conflict; but there is evidence tending to show that Eastman had used the Ford coupé in question at various times in the transportation of liquor unlawfully. There was also evidence tending to show that the intervener, Mrs. Eastman, had been with her husband in the car on the 27th day of March, 1927, at a time when said parties unlawfully transported 25 gallons of liquor in said coupé from the place of one Williams. The conveyance in question was seized three days later. At the time the car was seized, there was no liquor found in it. It appeared that, prior to the 27th day of March, Eastman had been arrested for violation of the liquor laws, and had had a preliminary trial, at which the intervener, his wife, was present. She also testified that she knew that Eastman was using said car. The trial court found that the said coupé was the property of the intervener, and also found that:

"The undisputed evidence further establishes that no intoxicating liquors were found in or on said Ford coupé when so seized."

The court further found that:

"The presumption contemplated by Subdivision 4 of Section 2010 of the Code does not arise, and that, under the pleadings and evidence in this case, an order of forfeiture would not be warranted."

I. We at once meet the proposition as to whether or not there can be a forfeiture of a conveyance that has been used in the unlawful transportation of intoxicating liquor where no such liquor is found in the automobile *at the time of the seizure.* Code Section 2001 is as follows:

"A peace officer who discovers that intoxicating liquor has been or is being transported in violation of law, shall summarily arrest the offender and likewise seize said liquor and the conveyance used to effect said transportation."

This section clearly covers a situation where a conveyance *"has been* used in the transportation of intoxicating liquor." The law does not require that the intoxicating liquor must be found in the conveyance at the very instant that the conveyance is seized. If a conveyance is used for the unlawful transportation of intoxicating liquor, and the liquor has been delivered and removed from the conveyance before the seizure, it would be a clear perversion of the statute to hold that the conveyance was not subject to seizure and condemnation thereafter, merely because the liquor was not in the conveyance at the very moment of seizure. The statute expressly covers the case of a conveyance that *"has been* used" for the transportation of intoxicating liquor.

II. On the question of proof, however, where a claim to the conveyance is asserted, the statute provides (Code Section 2010, Paragraph 4):

"If it be made to appear that any intoxicating liquors were found in or on said conveyance when it was seized, it shall be presumed that the conveyance was, when seized, employed with the knowledge and consent of all claimants, in the unlawful transportation of such liquors."

This provision of the statute refers only to the question of the presumption that arises where the intoxicating liquors are "found in or on said conveyance when it was seized." The ex-istence of the intoxicating liquor in or on the conveyance at the very time of the seizure raises the presumption, under the statute, that the conveyance was, when seized, employed, with the knowledge and consent of all claimants, in the unlawful transportation of said liquor. But where the evidence shows that the conveyance in fact "has been used" in the

unlawful transportation of the intoxicating liquors, and is seized under the statute for condemnation because of such use, even though no intoxicating liquors are found in the conveyance at the moment of the seizure, and the presumption under the statute does not arise because thereof, still, if the proof establishes the fact that the conveyance has been so used for the transportation of intoxicating liquors with the knowledge and consent of the claimant, the conveyance is subject to condemnation. In other words, Paragraph 4 of Section 2010 merely pertains to a matter of presumption arising from the presence of liquor at the time of seizure; but even if no such presumption arises under the statute, the fact that the conveyance ''has been used in unlawful transportation'' prior to the seizure may be established by other evidence. An action of this kind is of a quasi-criminal character. It is penal in nature, providing for confiscation of property used for criminal purposes. *State v. Taggart,* 186 Iowa 247; *Moss v. Summit County,* 60 Utah 252 (208 Pac. 507); *State v. Intoxicating Liquor,* 82 Vt. 287 (73 Atl. 586); *Hoskins v. State ex rel. Crowder,* 82 Okla. 200 (200 Pac. 168); *Kirkland v. State,* 72 Ark. 171 (65 L. R. A. 76, 80); *State v. Barrels of Liquor,* 47 N. H. 369, 374. The proceeding is *in rem.* A preponderance of evidence is all that is required. *Oakland Automobile v. State ex rel. Tate,* 203 Ala. 600 (84 So. 839); *Campbell v. State,* 171 Ind. 702 (87 N. E. 212); *State v. Barrels of Liquor,* supra; *Kirkland v. State,* supra. Under the statute, it is provided (Section 2012) that:

''No conveyance shall be returned to any claimant, either as owner or lien holder, nor shall any claim be established when such claimant: * * * knew or had reason to suspect that said conveyance was being employed in the illegal transportation of intoxicating liquors.''

Under this statute, the burden of proof rested upon the claimant to establish her claim. Such is the holding of the authorities generally. *State v. One Certain Automobile,* 204 Iowa 1155; *State v. Chevrolet Coupé,* 164 Minn. 520 (204 N. W. 637); *State v. Davis,* 55 Utah 54 (184 Pac. 161); *State v. Merrill,* 203 Ala. 686 (85 So. 28). Under the foregoing rules of law, as applied to the evidence in this case, we think the intervener failed to establish her right to the conveyance in question, and that it should have been condemned by order of court.

III. The trial court seems to have adopted the theory that, because no intoxicating liquor was found in the car at the time that it was seized, the presumption of its illegal use did not arise; and that this of itself was sufficient to authorize a release of the car to the intervener. The court, however, also found that, "upon the pleadings and evidence," the car should be released. By statute, Code Section 2010, Par. 5, the trial of an action of this character "shall be by the court." The action is not triable in this court *de novo*. It is a special proceeding. Code Section 10939. Although our conclusion on the evidence may differ from that of the trial court, we do not reverse except in those rare cases where the evidence is so utterly wanting to support the conclusion of the trial court that it cannot be sustained. In the instant case, the evidence being in conflict, we are not disposed to interfere with the order of the trial court.

It therefore follows that the order of the trial court is—*Affirmed*.

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.