STATE OF IOWA ex rel. L. E. STANSBERRY, Appellee, v. GEORGE S. WILSON, Appellant, et al.

No. 40882.

JUNE 20, 1931.

REHEARING DENIED OCTOBER 5, 1931.

Richard C. Leggett and Thoma & Thoma, for appellant.

Thoma & Thoma, for intervener.

Ralph H. Munro, for appellee.

GRIMM, J.—The information in this case was filed on the 18th day of July, 1930, and charges that on the 17th day of July, 1930, in the County of Jefferson, State of Iowa, this certain Nash car was used in the transportation of intoxicating liquors in violation of law.

The car had been purchased from the Danielson Motor Company, which Company had a chattel mortgage for the unpaid balance. The court made an order forfeiting the car, subject to the lien of the said motor company and the question of the lien is not here involved.

The defendant Wilson operated a barber shop and pool hall in the New Chicago district, Fairfield, Iowa.

On Thursday, the 17th day of July, 1930, the sheriff and several others raided the place of business of George S. Wilson in New Chicago and therein found a gallon can of alcohol and numerous bottles in the possession of Mr. Wilson. The searching party then went to Mr. Wilson's home, some six or seven blocks from the barber shop and pool hall, and searched the house. They found no intoxicating liquors in the house. They found

the garage locked. After getting the key from Wilson, they unlocked the garage and in it they found a new Nash sedan. Back of the front seat in the car was a can of alcohol wrapped up in paper.

During the course of the trial, Wilson became a witness on his own behalf. He testified that he owned the car, that he bought two cans of alcohol, one of which he put in the automobile and the other one of which he took to his place of business. He testified that this can of alcohol was put in the automobile at six o'clock on Wednesday evening, which was the evening before the raid hereinbefore referred to. He then testified that the car had not been driven after the alcohol was deposited in it.

On rebuttal, one John Magee, a nightwatchman, testified that he saw the defendant Wilson drive the Nash car in question in New Chicago about ten or eleven o'clock on Wednesday evening, July 16th.

According to the defendant's testimony, the can of alcohol was deposited in the car on Wednesday evening, July 16th, about six o'clock and had not been removed and the car had not been moved. According to Magee, the car was driven by the defendant about ten or eleven o'clock on Wednesday evening, July 16th, which, according to the testimony of the defendant, was several hours after the can of alcohol was deposited in the car. There is here a square conflict of evidence upon the subject of whether the car had been used in transporting intoxicating liquors.

The action is not triable in this court *de novo*. It is a special proceeding. As was said in State v. One Certain Ford Coupe, 205 Iowa 597, 601:

"Although our conclusion on the evidence may differ from that of the trial court, we do not reverse except in those rare cases where the evidence is so utterly wanting to support the conclusion of the trial court that it cannot be sustained."

See also State v. A Chrysler Sedan, 210 Iowa 714; State v. One Certain Buick Sedan, 209 Iowa 791.

It is apparent that the trial Judge believed Magee as against the defendant Wilson.

On the record as made in this case, we cannot interfere with

the court's ruling. It follows that the cause must be, and is, Affirmed.

ALBERT, C. J., and EVANS, MORLING and KINDIG, JJ., concur.