**STATE of Iowa, Appellee,**

v.

**ONE (I) CERTAIN 1969 FORD VAN, blue in color, Style—Super Van, V.I.N.— E15AHD98177, Appellant.**

**No. 54731.**

Supreme Court of Iowa.

Nov. 11, 1971.

Darold J. Jack, Oelwein, for intervening claimant-appellant.

Richard C. Turner, Atty. Gen., William W. Garrettson, Asst. Atty. Gen., J. G. Johnson, Asst. County Atty., Oelwein, for appellee.

REES, Justice.

The action involved here arises under the provisions of chapter 127, The Code 1966, for the forfeiture to the State of a 1969 Ford Van, the property of Car and Truck Rentals of Madison, Inc., the intervening claimant here. The vehicle was seized by law officers of the State of Iowa on August 2, 1970 while in the possession of one Arthur Phillip Penn, III, and which when seized contained a quantity of narcotic drugs, in violation of section 204.2, The Code 1966. The vehicle in question is a rental truck, and had been leased by Arthur Phillip Penn, III, from its owner at the owner's place of business in Madison, Wisconsin. Trial court held the presumption arising under section 127.11(4), The Code 1966, that the vehicle when seized was employed in the transportation or conveyance of narcotic drugs with the consent of the owner was not overcome by the testimony and evidence of the claimant-owner and entered a judgment of forfeiture. The claimant-owner appeals. We reverse the trial court.

The intervening claimant, Car and Truck Rentals of Madison, Inc., is a rental office connected with Kaiser, Inc., a Ford dealer in Madison, Wisconsin. On the afternoon of July 31, 1970, Arthur Phillip Penn, III, came to the office of claimant and requested the rental of the truck for a few hours, indicating he was intending to use it in moving some things in Madison. Two employees of claimant were on duty: a clerk and the office manager. Upon Penn's request for the rental of the truck, the clerk required him to display his driver's license, which he did, and also asked him for credit cards, which he was unable to furnish. She then asked him for a local reference. He gave his mother's name, who, it developed, was known to the clerk. She did not inquire as to whether he had a record of driving infractions or a criminal record, although it developed that in 1964 Penn had been convicted of the crimes of operating a motor vehicle without owner's consent, and forgery, and as a result of convictions in such matters he was sentenced to a three-year term in the Wisconsin penitentiary. He had no reputation or record for having used or been involved in traffic in illegal liquors or drugs.

On August 2, 1970 officers of the State of Iowa seized the rented vehicle which was in the possession of Penn, who was attending a rock festival at Wadena, and against whom charges were brought by the State for illegal possession of narcotics, stimulants and depressant drugs, of carrying a concealed weapon, and for illegal possession and transportation of alcoholic liquor. Subsequently the information seeking the forfeiture of the vehicle was filed in the District Court, trial was had and the decree of the court adjudicating forfeiture was entered. The showing made by the State that the vehicle had been employed in the transportation of narcotic drugs was abundant and uncontradicted, and the claimant's ownership of the vehicle was stipulated. The only question left for the determination by the trial court was whether the claimant-owner of the vehicle had overcome the presumption arising under section 127.11(4), The Code 1966. As

above stated, this question was determined adversely to the claimant.

The claimant now assigns as error:

(1) The court's conclusion claimant had failed to overcome the statutory presumption that the conveyance in question was, when seized, employed with the knowledge and consent of the claimant in the unlawful transportation of the drug involved.

(2) The trial court's holding as a matter of law that the knowledge of the two employees of the claimant corporation, they being the only persons connected with the corporation who had any contact with the rental transaction in question, was not the knowledge of the corporation.

(3) The judgment of forfeiture, based on the trial court's finding that no witness, either officer of the corporation or otherwise, testified as to lack of knowledge on the part of the corporation is contrary to the evidence, and that the judgment of forfeiture is not sustained by sufficient evidence.

(4) The trial court's judgment of forfeiture is contrary to law.

 I. The trial of an action of this character "shall be by the court"; section 127.11(5), The Code 1966. It is a special proceeding and is not triable in this court de novo. State ex rel. Stansberry v. Wilson, 212 Iowa 1341, 1343, 237 N.W. 511, 512. Although our conclusion on the evidence may differ from that of the trial court, we would not reverse except where the evidence is so utterly wanting to support the conclusion of the trial court that it cannot be sustained. State v. One Certain Ford Coupé Automobile, 205 Iowa 597, 601, 218 N.W. 346, 348.

 II. While the statutory procedure for the seizure and forfeiture of conveyances is set out in chapter 127, The Code 1966, the matter before us now arises by virtue of the provisions of section 204.11(3), The Code, which provides in pertinent part:

"Any automobile or other vehicle used, or intended to be used, to conceal, convey, carry, or transport in violation of this chapter any of the drugs defined in section 204.1, or any automobile or vehicle in which any of the drugs defined in said section are unlawfully possessed by an occupant *with the knowledge of the owner thereof*, shall be forfeited to the state, under the provisions of chapter 127." (italics supplied)

The requirement of *knowledge* does not appear in chapter 127 or any of the provisions thereof, except that section 127.11(4) provides,

"*Presumption.* If it be made to appear that any intoxicating liquors were found in or on said conveyance when it was seized, it shall be presumed that the conveyance was, when seized, employed with the knowledge and consent of all claimants, in the unlawful transportation of such liquors."

While this matter has not been before us heretofore, we agree with the conclusion obviously reached by the trial court that the *knowledge* required in section 204.11(3) is adequately supplied by the presumption afforded in section 127.11(4).

 III. We conclude, however, the presumption that the conveyance was, when seized, employed with the knowledge and consent of the owner thereof was overcome and rebutted by the claimant. We are unable to see that the questions propounded to the prospective lessee and the answers given by him to the agents of the claimant will bear the weight which is attributed to them as an unfavorable circumstance. Certainly there was no statutory presumption that the proposed lessee had a purpose at the time of the leasing of the vehicle to use it for unlawful purposes. The statutory presumption does not arise until the vehicle is seized while being used for an unlawful purpose. There is no statutory presumption of a prior purpose on the part of the lessee, and therefore no

presumption of knowledge of such on the part of the lessor. See State v. One Certain Ford Coupé Automobile, *supra*, 205 Iowa at 599–600, 218 N.W. at 346, and State v. One Certain Automobile, 214 Iowa 1088, 1092, 243 N.W. 303, 305. The vehicle is innocent in itself, and intended for a useful purpose and its perversion or conversion to an unlawful use by another without the knowledge, consent or connivance of its owner cannot subject the owner to forfeiture. While the statute for the seizure and forfeiture of conveyances is not strictly a criminal statute, it is penal in its nature and must be strictly construed. Nothing can be read into it that is not plainly there. State v. One Certain Ford Coupé Automobile, *supra*, 205 Iowa at 600, 218 N.W. at 348; State ex rel. Woodbury County Anti-Saloon League v. McGraw, 191 Iowa 1090, 1094, 183 N.W. 593, 595; Kuhn v. Kuhn, 125 Iowa 449, 451, 101 N.W. 151, 152. It may not be said that the forfeiture and sale of lawful property belonging to innocent owners is necessary for the preservation of the public peace, health or safety as contemplated by the purposes of the statute. See State ex rel. Woodbury County Anti-Saloon League v. McGraw, *supra*, 191 Iowa at 1094, 183 N.W. at 595.

■■■ IV. The trial court based its conclusion that the statutory presumption afforded the State by section 127.11(4), was not overcome or rebutted because no witness, either an officer of the corporation or otherwise, testified as to lack of knowledge on the part of the corporation. The record indicates the only agents or employees of the corporation who had any significant connection with the rental arrangement entered into between the lessee and the lessor-corporation testified at length. Both testified they had no personal knowledge of any connection the lessee had with illegal traffic in drugs. We conclude to hold the claimant to a greater degree of proof as to lack of knowledge than

that disclosed by the record here would impose an unreasonable burden on lessors of motor vehicles in fact situations similar to that before us here. A principal is not affected by the knowledge which an agent should have acquired in the performance of the agent's duties to the principal or to others except where the principal or master has a duty to others that care shall be exercised in obtaining information. Restatement 2d, Agency, § 277. It appears to us the procedure followed by the agents of the claimant-corporation in consummating the rental arrangement with its lessee was a standard procedure in the trade or industry. An investigation in depth might have disclosed the fact that Penn, the lessee, had a criminal record, but the State does not contend he had had at any time any connection with traffic in narcotics, or that investigation of the lessee in this regard would have disclosed anything unfavorable to him other than his conviction for forgery and operating a motor vehicle without the consent of the owner, both offenses having been committed some six years prior to the leasing of claimant's vehicle. He furnished the name of his employer and inquiry was made by the lessor's agent of the employer to verify the fact Penn was employed there. We are unable to conclude, as did the trial court, that the fact no officer of the lessor corporation testified as to the corporation's lack of knowledge of the use Penn intended to make of the rented vehicle was indispensable to the proof necessary to overcome the statutory presumption in section 127.11(4). See Annotation 14 A.L.R.3d 221.

We conclude the claimant-owner of the vehicle in question rebutted as a matter of law by credible competent evidence the presumption in favor of the State that the conveyance was, when seized, employed with the knowledge and consent of the owner, and reverse the trial court.

Reversed.

All Justices concur.