STATE of Iowa, Appellant,

v.

ONE CERTAIN CONVEYANCE, A 1969 CAD-
ILLAC, 2 DOOR CONVERTIBLE, VIN.
F9–314108 WHITE OVER GREEN, D 108,
Appellee,

General Motors Acceptance Corporation,
Intervenor-Appellee.

No. 55425.

Supreme Court of Iowa.

May 23, 1973.

Richard C. Turner, Atty. Gen., and Peter E. Voorhees, Asst. Atty. Gen., for appellant.

James F. Pickens, Cedar Rapids, for intervenor-appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

Special forfeiture proceedings were brought under chapter 127, The Code, against an automobile used to transport a controlled substance. The trial court held the intervenor (GMAC), a lienholder, had overcome the statutory presumption of knowledge the vehicle was being illegally used. Accordingly GMAC's lien was held valid and enforceable. We affirm.

Irvin Johnson purchased the automobile in question from Friedly Olds, Inc. in Cedar Falls (seller) under an installment sales contract. Johnson paid $1000 down, an amount the seller's salesman considered ample to protect the seller's security interest. He therefore made no investigation into Johnson's background. Had he done so he unquestionably would have had second thoughts about the sale in spite of the down payment. Johnson had pending against him similar charges of transporting controlled substances in Linn County. In addition he had experienced seizure and forfeiture of his last automobile for transportation of a controlled substance. A routine call to the credit bureau would have disclosed this.

The contract was assigned in the regular course of business to GMAC. Its credit supervisor stated he also elected to forgo a credit check before approving the contract because of the amount of down payment and the knowledge the seller was also responsible for the purchase payments. He freely conceded at trial such a check would have revealed Johnson's record which in turn would have caused him to disapprove the contract. Four days after the vehicle was purchased Johnson was arrested in Iowa City. These proceedings were then instituted.

Section 204.505(8), The Code, implements the forfeiture provisions of chapter 127 when a conveyance such as an automobile is used in connection with illicit traffic in controlled substances. A similar provision, section 204.11(3), The Code, 1971, provided for forfeiture of automobiles in the same manner. These proceedings are not affected by the adoption of the Uniform Controlled Substances Act by the 64th General Assembly.

■ I. The questions raised by the State in this appeal are governed by our holding in State v. One (1) Certain 1969 Ford Van, 191 N.W.2d 662 (Iowa 1971). That opinion contains a statement of the applicable rules of law. Forfeiture under chapter 127 is a special proceeding triable to the court. It is not triable de novo on appeal to us; we will not reverse unless the evidence is utterly wanting to support the conclusion of the trial court. We said:

" * * * The vehicle is innocent in itself, and intended for a useful purpose and its perversion or conversion to an unlawful use by another without the knowledge, consent or connivance of its owner cannot subject the owner to forfeiture. While the statute for the seizure and forfeiture of conveyances is not strictly a criminal statute, it is penal in its nature and must be strictly construed. Nothing can be read into it that is not plainly there. (Authorities). It may not be said that the forfeiture and sale of lawful property belonging to innocent owners is necessary for the preservation of the public peace, health or safety as contemplated by the purposes of the statute. (Authorities)." 191 N.W.2d at 666.

■ What we said then in connection with innocent property owners we now say of innocent property sellers. The preservation of public peace, health and safety does not require members of the business community to do police work in order to make their commercial liens secure. Even where, as here, their policy is ordinarily to conduct such an investigation they are not bound always to do so. They may forgo the inquiry when for any reason such as the amount invested by the buyer, it becomes unnecessary to their own interests.

GMAC made ample showing to rebut the statutory presumption of knowledge. That showing was not impaired by the fact no investigation of Johnson was conducted.

Affirmed.