STATE of Iowa, Appellee,

v.

ONE CERTAIN CONVEYANCE, 1971 HONDA 350 MOTORCYCLE, RED AND WHITE IN COLOR, IOWA 1972 LICENSE #26–71 VIN #SL–350–2015068, Michael Dean Burton—Owner/Claimant, Appellant.

No. 55870.

Supreme Court of Iowa.

Oct. 17, 1973.

Harris & Pettit, of Bloomfield, for appellant.

Richard C. Turner, Atty. Gen., Peter E. Voorhees, Asst. Atty. Gen., and M. Carl McMurray, Co. Atty., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

LeGRAND, Justice.

This appeal tests the validity of forfeiture proceedings brought under section 505.8, chapter 148, Laws of the 64th General Assembly, which appears in the 1973 Code as section 204.505(8). For convenience, all references in this opinion are to the 1973 Code. The trial court decreed forfeiture of a 1971 Honda motorcycle allegedly used in violation of the Uniform Controlled Substances Act. Michael Dean Burton, owner of the vehicle, appeals and we reverse.

Since the amount involved is less than $1,000.00, this matter is not appealable as a matter of right. However, the trial judge certified the case for review under Rule 333, Rules of Civil Procedure.

The facts are virtually without dispute. Michael Dean Burton was stopped by two peace officers in Davis County for erratic operation of his motorcycle at approximately three A.M. on June 3, 1972. He was given sobriety tests, during which the officers noticed a package in his shirt pocket. Apparently suspicious of its contents, they asked if he would surrender it to them. In response, he threw it to the ground. The package was then taken by the officers, and a later analysis established it to be marijuana, a controlled substance as designated in section 204.204(4) (j), The Code.

The record makes no disclosure as to any charges brought against Burton, and we are concerned only with forfeiture proceedings against his motorcycle. Such proceedings are authorized by chapter 127, The Code. That chapter relates solely to forfeiture for liquor violations, but its provisions are made applicable to narcotic cases by section 204.505(8).

Under chapter 127, forfeiture may be accomplished in either of two ways. Section 127.7 permits it to be decreed upon conviction of a person for designated violations of the Uniform Controlled Substances Act; or under section 127.9 it may be accomplished independently of criminal charges brought against the violator by following the procedure outlined in sections 127.10–127.14. In the present case the latter course was followed, and our discussion is limited accordingly.

Two questions are here for determination:

(1) Is a vehicle subject to forfeiture within the meaning of section 204.505 because the operator thereof has on his person a controlled substance?

(2) Does section 749A.2, The Code, limit the admission of a written report from the Iowa Criminalistics Laboratory to criminal proceedings?

Both relate to matters of statutory construction · which we have not heretofore considered. We agree with the trial court's view of the first, but reverse because there was error in admitting the report referred to in the second.

I. On the first question, Burton's argument runs something like this: Under the Uniform Controlled Substances Act, forfeiture is not authorized when the contraband is on the person of one occupying the vehicle. Under such circumstances, he insists, the conveyance is not being used "to transport or hold" the substance within the purview of section 204.505(8).

A determination of this question necessitates a brief review of our controlled substance legislation.

Prior to the enactment of the Uniform Controlled Substances Act in 1971, section 204.11 (now repealed) provided in subsection 3:

"Any automobile or. other vehicle used, or intended to be used, to conceal, convey, carry, or transport in violation of this chapter any of the drugs defined in section 204.1, [including marijuana], *or any automobile or vehicle in which any of the drugs defined in said section are unlawfully possessed by an occupant with the knowledge of the owner thereof*, shall be forfeited to the state, under the provisions of chapter 127." (Emphasis supplied.)

This section was repealed by chapter 148, section 605, Laws of the 64th General Assembly, and a new chapter 204 was enacted effective July 1, 1971. Under the new act, section 204.505(8) provided for the forfeiture of "conveyances used to *transport or hold* any [designated] controlled substance," including marijuana. (Emphasis supplied.)

Burton says this significant change in language between the repealed section 204.-11 (1971 Code) and the new section 204.-505(8) (1973 Code) manifests a legislative intent to permit a controlled substance to be in a conveyance without risk of forfeiture as long as the contraband is carried *on the person.*

 It is quite true that one of the canons of statutory construction directs us to examine amendments to existing statutes to determine the legislative design which motivated the change. In this regard we assume the amendment sought to accomplish some purpose and was not simply a futile exercise of legislative power. Mallory v. Paradise, 173 N.W.2d 264, 267 (Iowa 1969) and citations.

 Aside from the fact it is doubtful if the repeal of an entire chapter and the substitution of a new one should be considered an "amendment," we believe there is another standard governing our consideration of statutory enactments which is paramount here. It requires us to consider the language used, the object to be accomplished, the evils and mischief sought to be remedied—then to place a reasonable construction on the statute which will best effect its purpose. Crow v. Shaeffer, 199 N.W.2d 45, 47 (Iowa 1972) and citations; State ex. rel. Turner v. Koscot Interplanetary, Inc., 191 N.W.2d 624, 629 (Iowa 1971).

The obvious purpose of the Uniform Controlled Substances Act is to inhibit the easy distribution and use of drugs designated by the act as harmful. We may take judicial notice that this is one of modern society's most frustrating and poignant problems. Yet the interpretation Burton would have us put on the statute would facilitate rather than restrict the acquisition and use of narcotics. It is common knowledge relatively large quantities of drugs may be carried on one's person. It is incredible the legislature intended to permit an automobile or other vehicle to become a virtual market place for pro-

hibited drugs simply because they are carried in one's pocket instead of the glove compartment. Such an impractical construction would thwart, not further, legislative purpose.

■ We hold the words "transport or hold" as used in section 204.505(8) are sufficiently broad to justify forfeiture under the circumstances now before us. In reaching this conclusion, we acknowledge there are decisions under varying statutes which go, both ways. Branham v. State (1953), 89 Ga.App. 40, 78 S.E.2d 559, 560, 561 and State v. Richards (1957), 157 Tex. 166, 301 S.W.2d 597, 599, support our finding while Ben Ali, et al. v. Towe (1954), 30 N.J.Super. 19, 103 A.2d 158, 160, 161, apparently would reach a contrary result under the facts before us. We are convinced the result we reach is the correct one under our statute.

II. Burton's other assignment of error deals with an evidentiary matter requiring an interpretation of section 749A.2, The Code, which we set out in full:

"It shall be presumed that any employee or technician of the criminalistics laboratory is qualified or possesses the required expertise to accomplish any analysis, comparison, or identification done by him in the course of his employment in the criminalistics laboratory. Any report, or copy thereof, or the findings of the criminalistics laboratory shall be received in evidence in any court, preliminary hearing, and grand jury proceeding in the same manner and with the same force and effect as if the employee or technician of the criminalistics laboratory who accomplished the requested analysis, comparison, or identification had testified in person. An accused person or his attorney may request that such employee or technician testify in person at a criminal trial on behalf of the state before a jury or to the court, by notifying the proper county attorney at least ten days before the date of such criminal trial."

Timely objection was made to the introduction of the laboratory report which showed the confiscated substance to be marijuana. Although the objection was made on several grounds, we consider only the one which assailed its admission because it was hearsay. As already mentioned, we believe this objection was good.

The report was received solely on the authority of section 749A.2 heretofore set out. No qualifying evidence was produced because none was considered necessary. We mention parenthetically that no attempt was made to introduce the report under section 622.28, The Code.

We are faced squarely therefore with the extent to which the statute makes reports prepared by the Iowa Criminalistics Laboratory admissible without further proof.

This in turn presents two questions of its own. First, is a forfeiture action, penal in nature, a criminal proceeding within the meaning of section 749A.2? Secondly, if it isn't does the statute confer its privileges in actions other than criminal?

■ At the outset, of course, it must be conceded that the report prepared by the Iowa Criminalistics Laboratory was hearsay evidence, which, unless exempted by the statute under review, was inadmissible to prove the substance in Burton's possession was marijuana. In Re Delaney, 185 N.W.2d 726, 730 (Iowa 1971) and citations.

On the first question involved in this issue—the nature of the proceedings—we conclude the action is not a criminal one within the contemplation of section 749A.2.

We said forfeiture proceedings under chapter 127 are "quasi criminal" in State v. One Certain Automobile, 237 Iowa 1024, 1030, 23 N.W.2d 847, 851 (1946), and in State v. One Certain Ford Van, 191 N.W. 2d 662, 666 (Iowa 1971), we described them as "penal in nature."

■ In the latter case we refer to forfeiture as a "special proceeding" which

is "not triable de novo" and we say there that we reverse only if the "evidence is so utterly wanting to support the conclusion of the trial court that it cannot be sustained." We have also held only a preponderance of evidence is required to establish a right to forfeiture. State v. One Certain Ford Coupe, 205 Iowa 597, 600, 218 N.W. 346, 348 (1928). Furthermore, the state may secure relief from an adverse result by appeal. State v. Kelsey, 206 Iowa 356, 220 N.W. 324 (1928); State v. One Certain Automobile, 230 Iowa 1294, 300 N.W. 528 (1941); State v. One Certain Ford Coupe, 205 Iowa 597, 218 N.W. 346 (1928). These statements, and others like them, establish forfeiture actions cannot be classified as criminal proceedings.

But that conclusion only points up the real issue—is section 749A.2 applicable to *all* trials or only to *criminal* matters?

The state's insistence that the section is not limited to criminal matters is premised on the language of the statute that such reports are admissible "in any court."

We cannot accept the state's argument. Chapter 749A talks only in terms of criminal cases. Section 749A.1, for instance, recites the laboratory is created to "aid in any criminal investigation;" section 749A.2 safeguards the right of an "accused person"—but no one else—to compel an employee or technician of the laboratory to testify in person; and section 749A.4 deals with the duty of county attorneys to furnish copies of laboratory reports and findings to an accused person or his attorney under rules prescribed there.

■ We believe it significiant that the chapter protects only the rights of those accused of a crime. No comparable solicitude is shown for civil litigants. We do not question the legislature's authority to make such a distinction. We simply say that the statutory scheme of chapter 749A,

the language used throughout the chapter, and the persistent mention of "the accused person" coupled with the equally persistent failure to refer to anyone except an accused person demonstrate an intent to limit this chapter to criminal proceedings.

It is not unusual for statutes to dispense with formal requirements in authorizing the admission of evidence for some purposes and not for others. The section now before us is analogous to section 232.31, which we analyzed in In Re Delaney, 185 N.W.2d 726, 731 (Iowa 1971). There we held the statute permitted the introduction of certain hearsay evidence in juvenile hearings only and "does not pretend to establish a rule of evidence for other civil proceedings."

We paraphrase that statement now in saying section 749A.2 permits the use of the challenged hearsay reports in criminal cases only and does not pretend to establish a rule of evidence for civil suits or special proceedings. We hold further that the reference to "any court" as used here clearly means any court in which a criminal hearing is held. At the time the chapter was enacted, this included justice of the peace and municipal courts as well as district courts.

We reach this result only after a careful consideration of chapter 749A as a whole and after giving effect to all provisions of the act, as our prior decisions demand of us. See Crow v. Shaeffer and State ex rel. Turner v. Koscot Interplanetary, Inc., both supra; Wilson v. Iowa City, 165 N.W.2d 813, 822 (Iowa 1969); and Dobrovolny v. Reinhardt, 173 N.W.2d 837, 840 (Iowa 1970).

III. For the reasons stated in Division II, the judgment is reversed and the case is remanded for a new trial.

Reversed and remanded.