**STATE of Iowa, Appellee,**

v.

**ONE CERTAIN CONVEYANCE, 1973 KENWORTH SEMI–TRACTOR, ORANGE COLORED, COLORADO LICENSE NO. TA6003, VIN 222740, registered to Timothy R. Ferguson Trucking, 932 Colorado Avenue, Glenwood Springs, Colorado, Appellant.**

**No. 65870.**

Supreme Court of Iowa.

March 17, 1982.

Frank T. Vecchione, San Diego, Cal., for appellant.

David E. Richter, Pottawattamie County Atty., and Joseph J. Hrvol, Asst. Pottawattamie County Atty., for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, ALLBEE, McGIVERIN, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

The fighting issue in this case is whether Timothy R. Ferguson's semitractor was subject to forfeiture even though he was found not guilty on all charges arising out of the fact his tractor was pulling a semitrailer loaded with 10,420 pounds of marijuana. The defendant conveyance appeals from trial court's judgment ordering the tractor forfeited, pursuant to chapter 127 and section 204.505(8), The Code 1979, on the ground it was used with Ferguson's knowledge or consent for the transportation of marijuana. We affirm.

August 8, 1979, the subject westbound tractor driven by Ferguson stopped at an Iowa Department of Transportation weigh station on Interstate 80 near Avoca, Iowa. The tractor and the trailer weighed well under the legal limits and there were no apparent violations. DOT officer Lundergard nonetheless directed Ferguson to park his rig behind the scale house because Lundergard had never seen Ferguson nor his tractor before and wanted to "check him closer."

The papers Ferguson produced showed the tractor and the trailer to be registered in Colorado. Ferguson told Lundergard he was hauling cabinets. The latter asked to see the delivery receipt on the cargo. Ferguson went back to his truck and returned with what he characterized as a "poor bill"

of lading: a carbon copy of a handwritten delivery receipt for 5 tubs, 25 cabinets, and 7 sinks.

The evidence showed transportation of manufactured goods such as cabinets is regulated by the Interstate Commerce Commission. A trucker must have an ICC permit to haul regulated goods cross-country. If Ferguson bought the cabinets for his use or retail sale, however, the load would be exempt private carriage that could be hauled without a permit.

Lundergard asked to see the cargo. He was intent upon examining the "destination receipts on these cabinets to see if they [were] actually Mr. Ferguson's or not." Ferguson produced keys to open the two padlocks on the trailer. Two plywood sheets stretching the width of the trailer concealed the cargo. Lundergard testified that truckers typically use plywood and jacks to stabilize loads, but not across the width of the trailer.

Ferguson slid one plywood sheet from right to left. Because he could see only cardboard boxes with no shipping tags, Lundergard slid both sheets out of the way. He was then able to observe behind the cardboard boxes a large number of plastic-wrapped bales that had a slight odor. There were more than the forty-seven packages indicated on the delivery sheet. The Iowa Department of Criminal Investigation was called in, Ferguson was arrested, and a search warrant obtained. Two hundred fifteen bales, 10,420 pounds, of marijuana were seized from the trailer.

Ferguson was tried on charges of possession of a controlled substance with intent to deliver for profit, and the lesser included offenses. The parties to that action stipulated the baled substance was marijuana. March 7, 1980, a jury found Ferguson not guilty on all charges.

No hearing on this forfeiture petition was held. The parties stipulated that the district judge who presided over Ferguson's trial should rule and "the evidence received at the trial of Timothy Ferguson will be the evidence received at this hearing."

On this appeal counsel for the appellant vehicle asserts (1) the detention, search and seizure of the tractor was unconstitutional; (2) after Ferguson's acquittal the vehicle forfeiture was barred on collateral estoppel and double jeopardy grounds; and (3) the State failed to prove Ferguson was knowingly transporting marijuana, a prerequisite to forfeiture.

■ I. The arguments that the search of the trailer by the weigh officer was unconstitutional may be disposed of summarily. The papers before us reflect that this argument was raised and rejected in a suppression hearing held before a different judge prior to Ferguson's trial. Assuming the issue is relevant in this civil proceeding,[1] evidence of the marijuana was admitted in Ferguson's trial, some of it by stipulation.[2] The evidence *received* in the criminal trial was adopted by these parties for the purposes of this forfeiture hearing.[3] The marijuana was clearly *received* into evidence in the criminal trial. Further, the exclusionary rule was not raised adequately in the forfeiture proceeding and cannot be raised for the first time on appeal. *See Thiele v. Whittenbaugh*, 291 N.W.2d 324, 327 (Iowa 1980).

II. Defendant asserts this forfeiture proceeding is punitive in nature and involves the same parties and the same issues adjudicated on the prior criminal trial. Therefore, in view of Ferguson's acquittal, this proceeding is barred on collateral estoppel and double jeopardy grounds. Defend-

1. The Supreme Court in *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), held the exclusionary rule was applicable to forfeiture proceedings.

2. This point is conceded in "Opening Brief for Appellant" at 13.

3. The order of forfeiture recited "This matter is presented to the Court, counsel having stipulated that the evidence received in the criminal trial ... be the only evidence admitted in this action, this Court having presided at the criminal trial." Appendix at 96. A similar statement appeared in defendant's trial brief. Appendix at 80.

ant relies on *Coffey v. United States*, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 (1886).

Although we have variously described forfeiture proceedings as "quasi-criminal," *State v. One Certain Automobile*, 237 Iowa 1024, 1030, 23 N.W.2d 847, 851 (1946), and "penal in . . . nature," *State v. One (1) Certain 1969 Ford Van*, 191 N.W.2d 662, 666 (Iowa 1971), we recently have concluded they "cannot be classified as criminal proceedings." *State v. One Certain Conveyance*, 211 N.W.2d 297, 301 (Iowa 1973); *see State v. Search Warrant*, 234 N.W.2d 874, 875 (Iowa 1975). The forfeiture proceeding is neither a second criminal trial nor a second criminal punishment. *One Lot Emerald Cut Stones*, 409 U.S. 232, 235, 93 S.Ct. 489, 492, 34 L.Ed.2d 438, 442 (1972); *State v. One Certain Conveyance*, 211 N.W.2d at 301; *State v. Kaufman*, 201 N.W.2d 722, 724 (Iowa 1972) ("The forfeiture proceeding and the criminal actions are separate and independent."). Thus we reject defendant's double jeopardy defense.

There remains the issue of collateral estoppel, a term used interchangeably with "issue preclusion." *See Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 n.2 (Iowa 1981). Although this court has adopted the legal fiction that the *in rem* defendant in the forfeiture action is the property sought to be forfeited, *State v. Merchandise Seized*, 225 N.W.2d 921, 924 (Iowa 1975); *State ex rel. Hanrahan v. Miller*, 250 Iowa 1369, 1375, 98 N.W.2d 859, 862–63 (1959), we are not required in this case to explore the identity of parties or the question of privity. *See Hunter*, 300 N.W.2d at 123; *Brigdon v. Covington*, 298 N.W.2d 279, 281 (Iowa 1980). We need only to examine this situation to determine whether the issue resolved in the criminal case was identical to the issue presented in this forfeiture proceeding. *See Hunter*, 300 N.W.2d at 123; *Brigdon*, 298 N.W.2d at 281.

The issue in Ferguson's criminal prosecution was whether the State had proved his guilt—including his guilty knowledge—beyond a reasonable doubt. However, in this forfeiture proceeding, the State was only required to prove Ferguson's knowledge by a preponderance of the evidence. *See State v. One Certain Conveyance*, 211 N.W.2d at 301. Well-reasoned decisions have rejected the collateral estoppel (issue preclusion) defense on the ground these issues are not identical. *One Lot Emerald Cut Stones*, 409 U.S. at 234–35, 93 S.Ct. at 491–92, 34 L.Ed.2d at 441–42; *Helvering v. Mitchell*, 303 U.S. 391, 397, 58 S.Ct. 630, 632, 82 L.Ed. 917, 920–21 (1938); *Glup v. United States*, 523 F.2d 557, 561 (8th Cir. 1975); *Miller*, 250 Iowa at 1371–72, 98 N.W.2d at 860.

If *Coffey*, relied on by defendant, has vitality remaining after *Helvering* and *One Lot Emerald Cut Stones*, it is distinguishable. *Coffey* apparently involved one statute defining one offense ("the single act of a distiller defrauding or attempting to defraud the United States") and imposing two penalties: (1) that certain specific property be forfeited, and (2) that the offender be fined and imprisoned, *Coffey*, 116 U.S. at 443, 6 S.Ct. at 440, 29 L.Ed. at 686–87. An acquittal necessarily extinguished the possibility of either penalty. The case before us presents a different situation, as did *Helvering* and *One Lot Emerald Cut Stones*.

The controlling rationale we here adopt has been summarized by Professor Vestal:

> In criminal actions the burden of proof is "beyond a reasonable doubt," while in civil actions the burden is "proof by a preponderance of the evidence." Therefore, an acquittal in the former action serves to show only that the government did not prove beyond a reasonable doubt that the defendant committed the crime. This does not mean that the more lenient civil burden of preponderance of the evidence could not have been satisfied. Therefore, the government in a subsequent civil action should not be precluded from attempting to prove an issue by a preponderance of the evidence merely because it did not sustain the burden of proof beyond a reasonable doubt.

Vestal, *Issue Preclusion and Criminal Prosecutions*, 65 Iowa L.Rev. 281, 335 (1980) (footnote omitted).

This forfeiture proceeding is not barred by double jeopardy or issue preclusion.

III. Lastly, defendant contends there was insufficient evidence to sustain trial court's finding that the State carried its burden to prove Ferguson knew he was hauling marijuana. *See State v. One Certain Conveyance*, 288 N.W.2d 336, 337 (Iowa 1980); §§ 127.12(3), 204.505(8), The Code 1979. Although we have no direct evidence of Ferguson's knowledge because he did not testify, there is abundant circumstantial evidence to support trial court's finding. Ferguson told Lundergard that he sat in his truck while it was being loaded in Massachusetts and did not help in the loading; that he was transporting cabinets that belonged to him; and that the cargo was to be delivered to someone named Jerry at a truck stop in Chico, California.

The delivery receipt showed a cargo of cabinets to be delivered in California with no name, address, nor telephone number of the receiver, and only the name of the sender. Ferguson later admitted his first statement that he owned the cabinets was false.

Ferguson had traveled empty to the east coast and had less than a half load in going from the east to the west coast. He had the keys to the trailer. Cartons were stacked to block the view from the side door, and plywood obstructed the view of the marijuana from the rear. Ferguson moved only the plywood board that would not expose that view. He expressed no surprise when the controlled substance was exposed, displaying the coolness of one who might be trusted with a $5,000,000 load.

The issue is not triable in this court de novo. *State v. One Certain Conveyance*, 207 N.W.2d 547, 548 (Iowa 1973); *One (1) Certain 1969 Ford Van*, 191 N.W.2d at 665. There is substantial evidence, *Ravreby v. United Airlines, Inc.*, 293 N.W.2d 260, 262 (Iowa 1980), to support trial court's finding. *See generally* Iowa R.App.P. 14(f)(1).

We affirm the judgment of forfeiture.

AFFIRMED.